CHARLES W. STANLEY v. THE STATE.

No. 23568. Delivered February 5, 1947.

*King C. Haynie,* of Houston, for appellant.

*A. C. Winborn,* Criminal District Attorney, and *E. T. Branch,* Assistant Criminal District Attorney, both of Houston, and *Ernest S. Goens,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

Appellant was assessed a penalty of Two Hundred and Fifty Dollars fine and ninety days in jail on a charge of aggravated assault.

The only question raised in appellant's brief attacks the sufficiency of the evidence to support a conviction for aggravated assault. There is no denial that the assault was made, nor that the instrument used would be sufficient to support the charge of aggravated assault. It is the position of appellant, however, that the evidence shows no "premeditated design," but that it was a case of a "rash, inconsiderate impulse," as defined in Hodges v. State, 166 S. W. 512. From this case we quote: "It is true, the length of time is immaterial if the evidence shows a formed and fixed purpose and design."

We approve of a quotation found in the brief from Wharton on Homicide, Third Edition, page 162, as follows: "To meditate is to deliberate, and to premeditate implies an act or state of mind going before meditation or deliberation; it means to meditate or deliberate before concluding to do the deed; to contrive by previous meditation; thought of beforehand, *any length of time, however short.*" (Emphasis added.) Considering the evidence in the light of the foregoing definition, we find the following pertinent testimony in the case.

Appellant, in company with W. A. Davis, a close personal friend, went into Kelly's Restaurant, in the City of Houston, on May 23rd, to get something to drink. As they entered they passed W. R. McCamey at the counter near the front, and went on a distance of seven or eight steps, where they took their seats. Appellant himself testified that as they did so," * * * Davis said 'order coffee for me; here is a fellow we had a little trouble with the other night; will you try to straighten him out?' I said 'I sure will' "

The prosecuting witness, McCamey, says that Davis approached him and asked if he was an officer, to which the witness replied that he was not. Davis then referred to the fight he, Davis, had with a man named Letts at, or in front of, the same restaurant on the night of May 20th, in which McCamey had interferred and pulled Davis off of Letts. (The case of Davis v. State, growing out of such transaction, is decided by this court this date.) Davis then said: "You stuck your neck out a couple of nights ago, and you are going to get it like Letts did." Davis then motioned to Stanley to come to him. Stanley approached McCamey and struck him which started the fight. Davis struck the prosecuting witness over the head with a beer bottle, inflicting an injury which required six stitches, but did not knock McCamey unconscious. The crowd started jumping on Davis and he left the room. Stanley grabbed a chair, which is described as

a heavy one used in the restaurant, and hit McCamey on the shoulder with it, breaking the chair to pieces.

In Stanley's testimony he claimed that Davis did not hit the witness with a beer bottle, but that the head injury was inflicted when he struck McCamey with the chair. The wounds were described by McCamey as being rather serious. He was taken to the hospital for treatment. We find in the evidence detailed statements as to the fight, but the foregoing is sufficient on the issue raised in appellant's brief.

Considering the definition relied upon, we think the evidence amply meets the requirement—that there was sufficient previous meditation on the part of Stanley to meet the requirements of law. According to the State's evidence he walked the distance of seven or eight feet and, without provocation, entered into the combat with a "fixed purpose and design." There is no serious dispute about what took place after the fight started. It was appellant's testimony that he remained at his seat, and that McCamey came to him, making the attack. The jury found against this contention under proper instruction. The circumstances were such as to fully justify the jury in believing, in view of the quoted testimony from the appellant, that he had agreed to and voluntarily joined with Davis in the attack upon McCamey. Even without such testimony, a sufficient length of time elapsed to meet the requirements of the quoted definition from Wharton, and support the jury's finding. The requirements of the law are fully met. The jury's verdict will not be disturbed.

The judgment of the trial court is affirmed.