In the Matter of J. R. C.

No. 8279.

Court of Civil Appeals of Texas,
Texarkana.

April 15, 1975.

Rehearing Denied April 29, 1975.

quent paragraphs the instrument alleged the grounds for waiver of jurisdiction and transfer. Notice, summons, and procedures prerequisite to a valid hearing are unquestioned. A hearing ensued which is fully reported in the statement of facts and transcript in the appeal record. At the conclusion of the hearing the juvenile judge entered the following order:

"On the 2nd day of July, 1974, came on to be considered the petition complaining of J. R. C., whom the Court finds to be a child born on the 3rd day of September, 1958, and being 15 years of age at the time the act upon which the petition is founded is alleged to have occurred and at the present time being 15 years of age, and the Court further finds that said act would be a felony under the laws of the State of Texas if committed by an adult, and the Court after diagnostic study, social evaluation and full investigation, is of the opinion that it is contrary to the best interest of said child and to the public to retain jurisdiction. And the Court, after taking judicial notice of the trial by jury to determine fitness to proceed and the verdict returned by the jury in such hearing on the 11th day of June, 1974, is of the opinion that the following order should be entered:

Ronald Ned Dennis, Kirkpatrick, Grant, Dennis & Reed, Marshall, for appellant.

Sam Baxter, Crim. Dist. Atty., Marshall, for appellee.

CHADICK, Chief Justice.

The Criminal District Attorney of Harrison County, Texas, filed a petition in the Juvenile Court of such county in which it was represented to the court " . . . that because of the seriousness of the offense, the welfare of the community requires that the Juvenile Court waive jurisdiction and have J. R. C.* transferred to the 71st Judicial District Court for criminal proceedings . . . ". In five subse-

"THEREFORE, I, Don Stokes, Judge of the Juvenile Court of Harrison County, Texas, hereby certify said child, J. R. C., to the Criminal District Court of Harrison County, Texas, for proper criminal proceedings and included herein and made a part of this certification is this written order, the same being the findings of the Judge of the Juvenile Court of Harrison County, Texas, and said certification is hereby accompanied by a complaint against the said child accusing him of a felony offense, to-wit: Murder, of which said offense the said Criminal District Court has jurisdiction.

"It is further ORDERED of the said Juvenile Court of Harrison County, Texas,

---

* In compliance with V.T.C.A. Tex. Family Code, Sec. 56.01 the name of the alleged child has been deleted and initials substituted throughout this opinion.

that the Clerk of the said Juvenile Court transmit forthwith to the Criminal District Court of Harrison County, Texas, this written order and findings of said Juvenile Court of Harrison County, Texas, and said complaint attached hereto."

Court appointed counsel for J. R. C. have briefed fifteen points of error which they agree presents two basic questions for decision. It is insisted first that the hearing was not conducted in accordance with V.T.C.A. Tex. Family Code, Sec. 54.02 because the juvenile judge did not make inquiry into and consider the matters assigned for consideration in Subsection (f) thereof and failed to state specific reasons for waiver as required by Subsection (h). Second, sufficiency of evidence to support the findings of the Juvenile Court is the issue.

Delinquent children and children in need of supervision are the subjects of special statutory law in Texas. V.T.C.A. Tex. Family Code, Title III. Waiver of the Juvenile Courts' exclusive original jurisdiction of proceedings in this field (and transfer of a child to an appropriate district or Criminal District Court for criminal proceedings) must be determined in a statutory judicial proceeding in accordance with procedure statutorily prescribed. The relevant statute or statutes must be complied with in detail. 1, Tex.Jur.2d Actions, Section 84; V.T.C.A., Tex. Family Code, Section 51.01(5). In construing a similar enactment the United States Supreme Court in Kent v. United States, 383 U.S. 541, 86 S.Ct. 1045, 16 L.Ed.2d 84 (1966) declared that determination of whether or not to transfer a child from the statutory structure of the Juvenile Court to the criminal processes of the District Court is "critically important". The court there approved language of another court saying that it ". . . is implicit in [the Juvenile Court] scheme that noncriminal treatment is to be the rule—and the adult criminal treatment, the exception which must be governed by the particular factors of individual cases." And in further discussion of the District of Columbia's Juvenile Court Act, which is identical in part and otherwise closely resembles the Texas enactment, the Supreme Court's majority opinion said: "The theory of the District's Juvenile Court Act, like that of other jurisdictions, is rooted in social welfare philosophy rather than in the corpus juris. Its proceedings are designated as civil rather than criminal. The Juvenile Court is theoretically engaged in determining the needs of the child and of society rather than adjudicating criminal conduct. The objectives are to provide measures of guidance and rehabilitation for the child and protection for society, not to fix criminal responsibility, guilt and punishment. The State is parens patriae rather than prosecuting attorney and judge." The issues in this case must be discussed within the frame of reference of these principles as they are affected by the Legislature's sometime quixotic activities in this field.

Initially, notice must be taken of the provisions of the Family Code as they touch upon the questions before this court. On the subject of waiver and transfer to criminal courts, the code provided in part as follows:

"54.02 Waiver of Jurisdiction and Discretionary Transfer to Criminal Court

(a) The juvenile court may waive its exclusive original jurisdiction and transfer a child to the appropriate district court or criminal district court for criminal proceedings if:

(1) the child is alleged to have violated a penal law of the grade of felony;

(2) the child was 15 years of age or older at the time he is alleged to have committed the offense and no adjudication hearing has been conducted concerning that offense; and

(3) after full investigation and hearing the juvenile court determines that because of the seriousness of the offense or the background of the child the welfare of the community requires criminal proceedings.

(b) * * *

(c) * * *

(d) * * *

(e) * * *

(f) In making the determination required by Subsection (a) of this section, the court shall consider, among other matters:

(1) whether the alleged offense was against person or property, with greater weight in favor of transfer given to offenses against the person;

(2) whether the alleged offense was committed in an aggressive and premeditated manner;

(3) whether there is evidence on which a grand jury may be expected to return an indictment;

(4) the sophistication and maturity of the child;

(5) the record and previous history of the child; and

(6) the prospects of adequate protection of the public and the likelihood of the rehabilitation of the child by use of procedures, services, and facilities currently available to the juvenile court.

(g) * * *

(h) If the juvenile court waives jurisdiction, it shall state specifically in the order its reasons for waiver and certify its action, including the written order and findings of the court, and transfer the child to the appropriate court for criminal proceedings. On transfer of the child for criminal proceedings, he shall be dealt with as an adult and in accordance with the Texas Code of Criminal Procedure, 1965. The transfer of custody is an arrest. The examining trial shall be conducted by the court to which the case was transferred, which may remand the child to the jurisdiction of the juvenile court."

It is clearly stated in Sec. 54.02 Subsection (a) that on proper petition, notice and summons a Juvenile Court may waive its exclusive original jurisdiction and transfer a child to an appropriate district court for criminal proceedings when there is a conjunction of the prerequisites to such waiver as set out therein. Except failure to recite or find that no adjudication hearing had been conducted concerning the offense charged, the recitals and findings in the Juvenile Court's order, earlier reproduced herein, appears to substantially meet the requirements of Sec. 54.02, Subsection (a).

Of more potential for error, the recitals and findings incorporated in the order do not affirmatively show that in making its waiver determination the Juvenile Court considered all matters that are enumerated for consideration in Sec. 54.02, Subsection (f). The statute sets out six fields of investigation but the order, by reciting diagnostic study and social evaluation shows, at most, that only one of the six enumerated fields, was considered that is "the sophistication and maturity of the child." The effect of such omission will be considered in later discussion.

On waiver of jurisdiction Subsection (h) requires the Juvenile Court to state specifically its *reasons* therefor. Whether this Subsection was complied with must be inquired into. Subsection (a), as previously mentioned, permits waiver only when certain facts or circumstances are found to exist, among them, when the court finds the welfare of the community requires criminal proceedings because of the seriousness of the offense or the background of the child. A recitation to such effect is a *reason* for waiver but Subsection (h) seems to contemplate more. At a Tex. Tech University Symposium on the Texas Family Code reported in 5 Tex.Tech L. Rev. 564 a commentator, who assisted in drafting Section 54.02, said:

"Subsection (h) is identical to Tex.Rev. Civ.Stat.Ann. art. 2338–1, § 6(j). It specified the procedures to be used when

a juvenile court decides to transfer jurisdiction to the criminal court. The language that the juvenile court 'shall state specifically in the order its reasons for waiver' is new. This follows the general principle in Title 3 that whenever a juvenile court exercises discretion in making decisions, it must reveal in its order the reasons for exercising discretion. See, for example, section 54.04(f) and 54.05(i). The committee's draft stated that if the juvenile court waives jurisdiction 'it shall briefly state in the order its reasons for waiver.' The fact that the Legislature changed 'briefly state' to 'state specifically' indicates that it contemplated more than merely an adherence to printed forms and, indeed, contemplated a true r relevation of reasons for making this discretionary decision."

At the time of enactment of Section 54.-02 the Legislature had for guidance the opinion in *Kent,* supra. Therein the necessity that the Juvenile Court order reveal the motive that actuated it, as a factor in appellate court review, is explained and emphasized. Referring to the reviewing Court, it is there said:

"It must have before it a statement of the reasons motivating the waiver including, of course, a statement of the relevant facts. It may not 'assume' that there are adequate reasons, nor may it merely assume that 'full investigation' has been made. Accordingly, we hold that it is incumbent upon the Juvenile Court to accompany its waiver order with a statement of the reasons or considerations therefor. We do not read the statute as requiring that this statement must be formal or that it should necessarily include conventional findings of fact. But the statement should be sufficient to demonstrate that the statutory requirement of 'full investigation' has been met; and that the question has

received the careful consideration of the Juvenile Court; and it must set forth the basis for the order with sufficient specificity to permit meaningful review."

■ Additionally, when jurisdiction is waived, the Juvenile Court is required to certify " . . . its action, including the written order and findings of the court . . . .". Nowhere in Subsection (h), or elsewhere in Section 54.02, is there a provision referring to or requiring written *findings.* Perhaps previous language in the sentence from which the quotation is taken, that requiring the Juvenile Court to state specifically in its order the *reasons* for waiver, might be so construed. But if *findings* are one and the same as *reaons* such *findings* would necessarily be a part of and be in the certified order. It is not reasonable to conclude that the Legislature intended to require *findings* to be certified as part of the order and then a second time in separate written form. No reason for duplication appears. The wording of the statute indicates the Legislature intended for the Juvenile Court's *reasons* and its *findings* to be distinguishable.

■ Finally, it is concluded that the Legislative intent of Subdivision (h) is that when the Juvenile Court waives jurisdiction the *reasons* for waiver, as *reasons* are hereafter defined, are to be incorporated in the order. By the words *reasons for waiver* the Legislature meant that the Juvenile Court must set out the rationale of its order, and that is, the rational basis of the court's conclusion or motive that constrains entry of the order waiving jurisdiction. The Juvenile Court in this instance, it may be seen by reference to its order, failed to do so.

■ To sum up, besides giving reasons for waiver in its order the Juvenile Court has a mandatory duty to file findings covering matters actually considered, including all matters mentioned in Subsec-

**584**

tion (f), and to certify such order and findings to the appropriate district court. This is not to say that findings are to be made in a field of investigation where no facts are obtainable, but such findings should show an investigation in every material field was undertaken and the result thereof. In the absence of such an order and findings, a reviewing court is "remitted to assumptions". Where a complete record as contemplated by Section 54.02 is before the appellate court no stumbling block is perceived to a review as in other civil cases. See Section 56.01.

■ Rigid adherence to the governing statutes is mandatory in proceedings of this nature. Too, *Kent* appears to support a proposition that a meaningful review does not permit the reviewing court to rest its decision upon the usual presumptions of regularity in proceedings in the trial court. The reasons motivating the Juvenile Court's waiver of jurisdiction must expressly appear. Earlier, the details of deficiencies in compliance with Subsections (a), (f) and (h) were noticed. Failure of the Juvenile Court to respond to the commands of these statutes leaves this court no alternative to reversal of the judgment herein. It is so ordered, and the proceeding is remanded for new trial.

Reference has been made to the quixotic efforts of the Legislature in this field. The record of the appellate courts is no better. A compassionate regard for children and their rights, and a proper regard for law enforcement and public tranquility has inspired a search in all sectors for simple solutions to complex questions. The end is not in sight. Local law enforcement authorities, the district attorneys, and the Juvenile Courts have had little to guide them through the chaotic condition of this developing field of law. Differences of opinions in interpretation of the statutes and procedures to be followed are to be expected. Perseverance is the only course to be followed by those charged with responsibility under the Texas Family Code.