**In the Matter of Paul Ray
HONSAKER, II.**

No. 18916.

Court of Civil Appeals of Texas,
Dallas.

July 15, 1976.

Rehearing Denied Aug. 12, 1976.

Kelly D. McGehee, Dallas, for appellant.

Henry Wade, Dist. Atty., Dallas County, Maridell Templeton, Asst. Dist. Atty., Dallas, for appellee.

CLAUDE WILLIAMS, Chief Justice.

Paul Ray Honsaker, II, appeals from an order of the juvenile court waiving its jurisdiction and ordering a transfer to a criminal district court pursuant to authority of Tex. Family Code Ann. § 54.02 (Vernon 1975).* We affirm.

On September 9, 1975, the District Attorney of Dallas County filed a petition in the juvenile court alleging that Paul Ray Honsaker, II, was a child who had committed robbery in violation of Tex.Penal Code Ann. § 29.03 (Vernon 1974) and that the juvenile court should waive its jurisdiction and transfer the case to a criminal district court for criminal proceedings. Subsequently, an amended petition was filed alleging that the child had committed the additional offense of escape under Tex.Penal Code Ann. § 38.07 (Vernon 1974). Honsaker, the child named in the petition, was served with summons pursuant to § 53.06. Honsaker's natural mother appeared at the hearing held by the juvenile court and testified that she had previously signed papers authorizing his adoption. However, no documentation of actual adoption was produced. The court appointed Honsaker's natural mother as the guardian ad litem to represent him at the hearing and also appointed an attorney ad litem who actively participated in his representation at the hearing and on this appeal. Upon being advised that the child's natural father lived outside the state, the court recessed the hearing for a period of two weeks to give the district attorney an opportunity to ·"take care of their service on appellant's natural father." On December 8, 1975, the hearing was reconvened and after learning that the district attorney was unable to prove service on the out-of-state father, the court offered to grant a new hearing if Honsaker's counsel objected to the lack of notice given to the father. At that time Honsaker's counsel stated that he would proceed with the case as formulated.

Two police officers testified concerning the results of their investigation of the criminal acts charged against Honsaker. Officer J. R. Landers stated that he interviewed the person who filed a complaint of robbery and that when he showed the complainant photographs of several youths, the complainant selected the photograph of Honsaker as the perpetrator of the robbery. Officer B. J. Adamcik testified that during his investigation of the armed robbery, he showed photographs of several youths to the complainant who identified Honsaker as the one who committed the offense.

---

* Unless otherwise noted, all statutory references are to the Texas Family Code.

Honsaker's probation officer testified about the results of her investigation and recommended that the juvenile court waive jurisdiction and transfer the case to a criminal district court. The court also received a written report of the psychological evaluation of Honsaker.

At the conclusion of this hearing the court entered an order as follows:

The court finds that said act or acts would be felonies under the penal laws of the State of Texas if committed by an adult. The court finds that the alleged offenses are against the person. The court finds that the alleged offense was committed in a premeditated and aggressive manner.

The court finds that there is evidence upon which the grand jury may be expected to return an indictment regardless of the youthful age of the said Paul Ray Honsaker, II.

The court finds that the child is of sufficient sophistication and maturity to be tried as an adult. The court specifically finds that the child is of sufficient sophistication and maturity to aid an attorney in his defense. The court finds that because of the record and previous history of the child and because of the extreme and severe nature of the alleged crime, the prospect of adequate protection for the public and the likelihood of reasonable rehabilitation of the child by the use of the procedures, services and facilities currently available to the juvenile court are in serious doubt.

The court after diagnostic study, social evaluation and full investigation, finds that it is contrary to the best interests of said child and the public to retain jurisdiction.

The court finds that because of the seriousness of the alleged offense and the background of the child, the welfare of the community requires criminal proceedings.

Honsaker perfected an appeal from this order and contends that it should be set aside and vacated because (1) the juvenile court lacked jurisdiction to conduct a hearing because his natural father or adoptive mother were not served with a summons in accordance with § 53.06; (2) the court's order is not supported with competent evidence; and (3) the order does not comply with the terms of § 54.02(h).

As a basis for his first contention, Honsaker argues that the failure of the State to serve either the natural or adoptive parents with legal notice of the time, place and purpose of the hearing was fundamental error, and any evidence heard by the court until such service of notice should not be considered. He argues that parental rights come within the protection of the due process clause of the federal and state constitutions. Texas courts have long recognized that in proceedings where child custody is to be adjudicated and parental rights affected, parents must be given notice of the proceedings and must be allowed a full hearing to protect their rights. *DeWitt v. Brooks*, 143 Tex. 122, 182 S.W.2d 687, 691 (1944). In *Pettit v. Engelking*, 260 S.W.2d 613, 616 (Tex.Civ.App.—San Antonio 1953, writ ref'd n.r.e.), Justices Norvell and Pope, while reviewing proceedings in the trial court which declared an infant to be a neglected and dependent child and which resulted in termination of the parental rights, reaffirmed the principle of *DeWitt v. Brooks*, supra. In both of these cases, parental rights were affected by the adjudication of the court. We cannot agree with appellant that these cases are controlling in a discretionary transfer proceeding. The procedural safeguards incorporated into § 54.02 are required to protect the rights of the child as a matter of federal constitutional law enunciated by the United States Supreme Court in *Kent v. United States*, 383 U.S. 541, 86 S.Ct. 1045, 16 L.Ed.2d 84 (1966). This section specifies that notice shall be given as provided by § 53.06 which requires the juvenile court to issue summons to the child; child's parents; child's guardian or custodian; a child's guardian ad litem; and any other person who appears to be a proper, necessary party. The commentary to § 51.11 explains that a basic principle of the Code is that every child who

appears before the juvenile court must have the assistance of some friendly, competent adult who can supply the child with support and guidance. Usually, one of the child's parents or in some situations a substitute parent, will fill this need. However, if a parent or guardian is unavailable, the Code requires the appointment of a guardian ad litem. *Texas Family Code Symposium*, 5 Tex.Tech L.Rev. 529 (1974). Since Honsaker was served with citation, his natural mother was appointed his guardian ad litem, and he was effectively represented by competent counsel, we hold that his due process rights were adequately protected. The natural father and adoptive mother are not parties to the lawsuit, and no contention is advanced that they have parental rights which might be affected by the hearing.

Honsaker next contends that the court's findings are not supported by competent evidence. We cannot agree. The main thrust of his argument is that all of the evidence presented at the hearing was hearsay. He contends that the testimonies of police officers were based upon statements of others made to them during the process of investigation and not based upon the officers' own observations.

■ Hearsay has been defined as: "Testimony in court, or written evidence of a statement made out of court, the statement being offered as an assertion to show the truth of matters asserted therein, and thus resting for its value on the credibility of the out of court asserter." McCormick on Evidence § 246, at 284 (1972). In *Irving Lumber Co. v. Alltex Mortgage Co.*, 446 S.W.2d 64, 71 (Tex.Civ.App.—Dallas 1969), *affirmed*, 468 S.W.2d 341 (Tex.1971), we stated that written evidence of an out-of-court statement is not "hearsay" unless it is offered as proof of a fact asserted. The purpose of the transfer proceeding authorized in § 54.02 is not to determine the guilt or innocence of the juvenile but to establish whether the juvenile's and society's best interests would be served by maintaining juvenile custody of the child or by transferring him to a criminal district court for

adult proceedings. The burden is not upon the district attorney in such a case to establish the guilt of a child but only to present evidence which will allow the juvenile court to exercise its discretion in making the transfer. Obviously, there must not be a full trial on the merits during these proceedings because double jeopardy will attach. *Breed v. Jones*, 421 U.S. 519, 95 S.Ct. 1779, 44 L.Ed.2d 346 (1975); *Texas Family Code Symposium*, 5 Tex.Tech L.Rev. 562 (1974).

■ The testimonies of the police officers were introduced to show that statements identifying the appellant had been made by the complaining witnesses and not to show the truth of the matter asserted that in fact the appellant was the perpetrator of the robbery. Since the testimony was offered only to demonstrate that the statements were made and did not go to the truth of the matter asserted, it does not fall within the definition of hearsay evidence.

■ The language in § 54.02(e) demonstrates the informality of the discretionary hearing and its separation from the rigid rules required during a trial on the merits:

At the transfer hearing the court may consider written reports from probation officers, professional court employees, or professional consultants in addition to the testimony of witnesses.

Pursuant to this Code, the written report of psychological evaluation and report of the probation officer were properly considered by the court. We find that there was sufficient admissible evidence and competent data upon which the juvenile court could make its determination. Since we must determine whether the juvenile court abused its discretion in transferring Honsaker to criminal district court, we hold that no abuse of discretion has been shown and that the order is supported by competent evidence under the statute.

Finally, appellant argues that the court order fails to comply with the requirements of § 54.02(h) which provides:

If the juvenile court waives jurisdiction, it shall state specifically in the order

its reasons for waiver and certify its action, including the written order and findings of the court, and transfer the child to the appropriate court for criminal proceedings.

The requirement that a court state specifically in its order the reasons for the waiver is new to this jurisdiction. The commentary to the Code states:

The fact that the legislature changed 'briefly state' to 'state specifically' indicates that it contemplated more than merely an adherence to printed forms and, indeed, contemplated a true relevation of reasons for making this discretionary decision. *Texas Family Code Symposium*, 5 Tex.Tech L.Rev. 564–65 (1974).

Honsaker relied upon the case of *In re J.R.C.*, 522 S.W.2d 579 (Tex.Civ.App.—Texarkana 1975, writ ref'd n.r.e.), to support his contention that the juvenile court's order in this case is insufficient to comply with the statutory requirement. In that case the Texarkana court wrote the words "reason for waiver" were intended by the legislature to mean that the juvenile court must set out the rationale of its order and show the rational basis or the motive of the court's conclusion that constrains entry of the order waiving jurisdiction. The court went further to state that besides giving reasons for waiver the juvenile court has a mandatory duty to file findings covering matters actually considered, including all matters required by the Family Code and to certify such order and findings to the appropriate district court. We believe that this opinion is distinguishable and not applicable to the decree in the case now under consideration.

The order before us is very similar to the order considered in *In re D.L.C.*, 533 S.W.2d 157 (Tex.Civ.App.—Austin 1976, no writ). In that case the court distinguished *J.R.C.* as being an order transferring the juvenile case to the district court which was patently inadequate. The court wrote that the *J.R.C.* order failed to state the seriousness of the offense, the background of the child which required criminal proceedings and

that no adjudication hearing had been conducted. The only reason stated in the order for transfer was "that it is contrary to the best interest of the said child and to the public to retain jurisdiction."

The Eastland court has held that an order which discloses that the matters listed in subsection (f) were considered by the court and which states specific reasons for the waiver of jurisdiction is sufficient. *In re W.R.M.*, 534 S.W.2d 178, 182 (Tex.Civ.App. —Eastland 1976, no writ). The order before this court lists the matters contained in subsection (f) which were considered by the court in making its determination.

In *Kent v. United States*, 383 U.S. 541, 562, 86 S.Ct. 1045, 16 L.Ed.2d 84 (1966), the United States Supreme Court held that it is incumbent upon the juvenile court to accompany its waiver order with a statement of reasons or considerations therefor. The court did not interpret this requirement as meaning that a statement must be formal or that it should necessarily include conventional findings of fact. Instead, the court said it should be sufficient to demonstrate that the question has been reviewed carefully by the juvenile court and the reasons for the juvenile court's decision must be set forth in the order with sufficient specificity to permit a meaningful review by the appellate court.

We hold that the juvenile court's order as set forth above in this opinion falls within the requirements enunciated by the United States Supreme Court and that it complies with § 54.02(h) as interpreted by the Texas cases cited above. There is sufficient specificity in the order to allow an appellate court to review and understand the reason for the juvenile court's determination. No separate findings of fact or conclusions of law are required by the Code and the court's failure to include them is not error.

We overrule all of appellant's points of error and affirm the judgment of the juvenile court.

Affirmed.