**In re I. B.**

**No. 9291.**

Court of Civil Appeals of Texas, Amarillo.

June 24, 1981.

Rehearing Denied July 22, 1981.

West Texas Legal Services, K. A., Tony Wright, Lubbock, for appellant.

John T. Montford, Criminal Dist. Atty., Lubbock, for appellee.

DODSON, Justice.

I.B., a juvenile, appeals from an order of the juvenile court waiving its jurisdiction and transferring him to the district court for criminal proceedings. Finding that I.B. does not present cause for disturbing the order, we affirm.

The criminal district attorney of Lubbock County filed a petition in the district court, sitting as a juvenile court, requesting that the juvenile court waive its jurisdiction over I.B. and that I.B. be transferred to a district court of Lubbock County, Texas, for criminal proceedings pursuant to Tex.Fam. Code Ann. § 54.02 (Vernon 1975). In its petition, the State alleged, among other things, that on or about 29 July 1980, in Lubbock County, Texas, I.B. violated Texas Penal Code Ann. § 19.02 (Vernon 1974), a penal law of the grade of felony, in that I.B. intentionally and knowingly caused the death of an individual, E.G., by shooting him with a gun.

The juvenile court ordered the Lubbock County Chief Juvenile Probation Officer to obtain and prepare a complete diagnostic study, social evaluation, and full investigation of I.B., his circumstances, and the circumstances of the offense. After a hearing on the petition, the juvenile court entered its order waiving jurisdiction over I.B. and transferring him to the district court for criminal proceedings.

I.B. brings six points of error. By his first and second points, he maintains that the order should be reversed because the court did not obtain a full investigation into the circumstances of the alleged offense. We disagree.

In pertinent part, section 54.02 of the Texas Family Code Annotated (Vernon 1975) states:

(a) The juvenile court may waive its exclusive original jurisdiction and transfer a child to the appropriate district court or criminal district court for criminal proceedings if:

\* \* \* \* \* \*

(3) *after full investigation and hearing* the juvenile court determines that

because of the seriousness of the offense or the background of the child the welfare of the community requires criminal proceedings.

\* \* \* \* \* \*

(d) Prior to the hearing, the juvenile court *shall order and obtain* a complete diagnostic study, social evaluation, and *full investigation of the child, his circumstances, and the circumstances of the alleged offense* (emphasis added).

\* \* \* \* \* \*

I.B. judicially admits that the juvenile court ordered a full investigation of the circumstances of the alleged offense and that an investigation was conducted. However, he contends that the court did not obtain a full investigation of the circumstances of the alleged offense because, at the transfer hearing, "only very small parts and only those parts of it [the investigation] prejudicial to the child were presented to the court."

In support of his position, I.B. maintains that the court did not obtain a "full" investigation of circumstances of the alleged offense because the person who prepared and presented the report for the Lubbock County Juvenile Probation office admitted that neither she nor anyone in the Juvenile Probation office made such an investigation, and that she relied on the investigations of the Lubbock City Police and Criminal District Attorney's office. He further argues that the investigation was incomplete because it failed to resolve alleged conflicts in the statements of two witnesses, showed that several persons other than I.B. had motives to kill the deceased, and, in general, failed to eliminate all of the alleged "possible suspects" in the case.

■ To accede to I.B.'s argument would sanction an adjudicatory hearing to determine the juvenile's guilt or innocence. That is not the purpose of the proceeding. The purpose of the waiver and transfer proceeding authorized in section 54.02 is to establish whether the juvenile's and society's best interests would be served by maintaining juvenile custody of the child or by

transferring him to a criminal district court for adult proceedings. *In re Honsaker*, 539 S.W.2d 198, 201 (Tex.Civ.App.—Dallas 1976, writ ref'd n. r. e.). In this proceeding, it is not the function of the juvenile court to determine the guilt or innocence of the juvenile on the offense alleged against him. As stated in *Honsaker*:

The burden is not upon the district attorney in such a case to establish the guilt of a child *but only to present evidence which will allow the juvenile court to exercise its discretion in making the transfer. Obviously, there must not be a full trial on the merits during these proceedings because double jeopardy will attach.* (Emphasis added). *Id.*

The phrase "full investigation of the circumstances of the offense" is not defined in section 54.02. We believe that for good reasons the legislature did not attempt to define the phrase. Of necessity, any inquiry into the circumstances of an offense must be one of degree. It is a matter of common knowledge that the course and scope of an investigation will vary according to the circumstances surrounding the event.

■ The primary function of the investigation is to discover evidence of probative force, whether for or against the juvenile, for presentation at the hearing. The juvenile can, of course, test the fullness of the investigation made. If tested, the matter of the completeness of the investigation is one for initial determination by the trial court which ordered it.

■ Here, I.B. tested the fullness of the investigation made, touching upon all of the matters he claimed were omitted from the investigation. The court found that it had obtained a full investigation. Thus, under the record before us, we cannot say as a matter of law that the court erred in overruling I.B.'s objections to the investigation made and finding that a full investigation was obtained. Accordingly, we overrule I.B.'s first and second points.

■ By his third, fourth and fifth points of error, I.B. challenges the legal and

factual sufficiency of the evidence to support the juvenile court's finding that the offense was committed in a *premeditated* manner. In determining whether the evidence is legally sufficient to support the court's finding of premeditation, we must review the record for any probative evidence to support the finding and ignore all contrary evidence. *Garza v. Alviar*, 395 S.W.2d 821, 823 (Tex.1965). The evidence is factually sufficient to support the finding if, from an examination of the entire record, there is some probative evidence to support the finding and if, in light of all the evidence, the finding is not manifestly wrong or unjust. *Id.*

■ In this instance, the evidence and reasonable inferences therefrom show that, at the time of the occurrence, the victim was seated on his motorcycle. The assailant approached him and shot him four times with apparent accuracy in the right side of the face. The victim fell off the left side of his motorcycle to the pavement. His body was discovered on the pavement, next to his motorcycle, with both feet on the motorcycle. There is no evidence of any weapon on the victim's body or in the nearby vicinity. Because a premeditated design can legally be formulated in an instant, *see Ohrlich v. Texas*, 162 Tex.Cr.R. 502, 287 S.W.2d 478, 479–80 (1956); *Stanley v. Texas*, 150 Tex.Cr.R. 173, 199 S.W.2d 518 (1947), we conclude that the evidence and reasonable inferences set forth above are legally sufficient to permit the inference that the alleged offense was committed in an "aggressive and premeditated manner," as that term is used in section 54.02(f)(2). Furthermore, we have reviewed the evidence under the appropriate legal standard set forth above and conclude that the evidence is factually sufficient to support the challenged finding. Accordingly, we overrule the third, fourth and fifth points of error.

By his sixth point of error, I.B. maintains that the transfer order should be reversed because the juvenile court entered "a 'form' order without any statement of the factual reasons for waiver, as required by Family Code § 54.02(h)." Section 54.02(h) of the Texas Family Code provides, in part:

> (h) If the juvenile court waives jurisdiction, *it shall state specifically in the order its reasons for waiver* and certify its action, including the written order and findings of the court, and transfer the child to the appropriate court for criminal proceedings. (Emphasis added).

\* \* \* \* \* \*

This provision does not preclude "form" orders and does not require a statement of the *factual* reasons for waiver. The order in this case lists the six "considerations" of section 54.02(f) as findings of the court. In addition to findings as to I.B.'s age and address and the nature of the alleged offense, the court order states:

> [A]fter considering all of the matters set out in Section 54.02(f) of the Texas Family Code and after making the specific findings set out herein, for the reasons set out in this Order, this Court should waive its exclusive original jurisdiction and transfer the child to the appropriate district court for criminal proceedings.

■ In support of his position, I.B. contends that the six findings of the court are not sufficient to comply with section 54.-02(h) and maintains that the court is required to make other, specific evidentiary findings in support of its order. We disagree. It is not reversible error for the court to "parrot" the considerations set forth in section 54.02(f) as the "reasons" for the transfer, so long as those reasons have evidentiary support. *In re B. Y.*, 585 S.W.2d 349, 351 (Tex.Civ.App.—El Paso 1979, no writ); *see, e. g., Q____ V____ v. Texas*, 564 S.W.2d 781, 784 (Tex.Civ.App.—San Antonio 1978, writ ref'd n. r. e.); *In re Honsaker*, 539 S.W.2d at 200; *In re W. R. M.*, 534 S.W.2d 178, 181–82 (Tex.Civ.App.—Eastland 1976, no writ); *D. L. C. v. Texas*, 533 S.W.2d 157, 159 (Tex.Civ.App.—Austin 1976, no writ).

■ In support of his contention that these findings are insufficient, I.B. refers us to the Texarkana Court's holding in *In re J. R. C.*, 522 S.W.2d 579 (Tex.Civ.App.—Texarkana 1975, writ ref'd n. r. e.). In that

case, the court reviewed an order for transfer which utterly failed to show that the juvenile court considered any of the matters enumerated in section 54.02(f). *Id.* at 582. At most, the court only considered the sophistication and maturity of the child. *Id.* We agree with the Austin Court's observation that the order in *J. R. C.* was "patently inadequate." *D. L. C. v. Texas,* 533 S.W.2d at 159. However, such is not the case here and we conclude that the court adequately specified its reasons for ordering the transfer in accordance with section 54.02(h).

Under the sixth point, I.B. further maintains that the court committed reversible error by entering a "form" order. By this contention, he says, in essence, that the court rendered its order *pro forma* without carefully considering the evidence in the record. We disagree. The substantive content of the order controls over its form. Furthermore, from our review of the record, we are convinced that the judge made a carefully considered determination and did not sign and render the order *pro forma.*

In summary, we overrule I.B.'s six points of error and affirm the juvenile court's order.

### ON MOTION FOR REHEARING

In his motion for rehearing, I.B. requests us to make the immaterial and evidentiary finding that one of the witnesses to the incident in question was lying. We are not required to make either immaterial or evidentiary findings of fact. *See Construction and Gen'l Labor Union v. Stephenson,* 148 Tex. 434, 225 S.W.2d 958, 963 (1950); *Dahse v. National City Bank of Waco,* 234 S.W.2d 102, 104 (Tex.Civ.App.—Waco 1950, writ ref'd n. r. e.). Furthermore, we have considered all of the matters raised in I.B.'s Motion for Rehearing and conclude that it should be overruled.