In the Matter of R.L.H., aka R.L.V.

No. 01–82–0248–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Nov. 18, 1982.

Portia Poindexter, Houston, for appellant.

Ray Speece, Houston, for appellee.

Before DUGGAN, JACK SMITH and BASS, JJ.

## OPINION

DUGGAN, Justice.

This is an appeal from the certification as an adult of a 16 year-old male charged with committing felony offenses of aggravated robbery and auto theft, and the transfer of the cause to district court for criminal proceedings. We affirm the trial court's judgment.

While the State's petition initially alleged that the appellant committed seven felonies, at the conclusion of certification proceedings the trial court waived jurisdiction and transferred to the district court three counts of aggravated robbery and one count of felony theft.

Pursuant to § 54.02(d) of the Family Code, V.T.C.A., the trial court ordered, obtained and considered a certification investigation report prior to the certification hearing. Included in the certification investigation report was a psychological evaluation of appellant. Prior to the testimony of the evaluating psychologist, Frank Schlesinger, the trial court heard testimony from three complainants and an arresting police officer. Their testimony described appellant's commission of three aggravated robberies at gun point, in two of which appellant used a sawed-off 12-gauge shot-gun. The court also heard testimony that appellant threatened to kill one complainant if he identified him to police; that he attempted to escape police juvenile division custody and had to be forcibly restrained after he repeatedly kicked a female police officer; and that he told the officer that he would come back when he got out and blow her head off. The evaluating psychologist was then called as a witness by appellant and testified that his examination of the appellant showed no evidence of violent or destructive attitudes, that he recommended appellant not be placed in an outpatient program, and that appellant needed a structured residential treatment program. Upon the conclusion of counsels' examination, the psychologist was questioned by the trial court in the following manner:

[DEFENSE COUNSEL]: From the profile you have assessed of Richard, would he receive these—what you feel he needs and if he is redeemable can he be redeemed in the Texas Prison system in prison?

[PSYCHOLOGIST]: I don't know. I have a difficult time imagining he would be redeemed in the Texas Prison System.

[DEFENSE COUNSEL]: No further questions.

[COURT]: You don't know but you still have an opinion though, Mr. Shlesinger?

A. Yes, sir.

Q. And that's quite frequent you have opinions on this witness stand and it's unfortunate you can't face reality. I don't understand your testimony whatsoever. I really don't. A person as I understand it from your past, you assume that the person is innocent to start with. I don't care if a person goes out and commits thirty murders you could still sit there on this witness stand and say he is not a violent person and I don't understand that. I really don't.

A. Your Honor, what I testified to is my psychological evaluation and—

Q. Did you assume he did not commit these offense or did?

A. No, sir, I did not assume that—

Q. What did you assume?

A. I assumed there was probable cause that he did commit these offenses.

Q. All right. And still you say he is not a violent person; that he couldn't have done these things?

A. In terms of personality dynamics—

Q. Personality dynamics?

A. In terms of personality dynamics and in terms of his controls; his needs and his attitudes, I do not see him as being outstandingly aggressive.

Q. You don't? Okay.

A. However, I can't—not everybody has the same environment.

Appellant's counsel did not object to the above questioning until the next day upon continuation of the hearing.

After the testimony of other witnesses, the trial court continued the case until a subsequent hearing date pending completion of a second psychological evaluation, explaining as follows:

THE COURT: Counsel, what the Court is going to do is this: I did ask you to make final arguments here today, but to be quite honest with you, I have no confidence at all in the person that did the psychological in the case, Mr. Schlesinger, and as a result I'm going to recess this case for two weeks and order a new psychological to be made for me by an outsider, NHMRA. Reset to the 10th of March. Counsel, notify your clients that this matter is recessed until that time and there will be a new psychological made.

[DEFENSE COUNSEL]: Thank you, Your Honor. I'm very sorry and I apologize to the Court.

THE COURT: No apology necessary.

The appellant made no objection to the trial court's order of a second psychological evaluation of appellant.

At the resumed hearing, approximately three weeks later, the additional psychological evaluation of appellant by a Dr. Robert Sarmiento was admitted into evidence without objection. Dr. Sarmiento testified to his conclusion that appellant was aggressive and showed evidence of an emergent social disorder; that he considered appellant's past behavior in reaching his conclusion about appellant's aggressiveness; and that he did not think appellant had a sincere motivation to change his attitudes or behavior.

■ As his sole point of error on appeal, appellant now contends that the trial court abused its discretion "in ordering, obtaining and considering a subsequent Certification Investigation Report ... after having previously ordered, obtained and considered a Certification Investigation Report ... and such evaluation amounted to a comment upon the weight of the evidence."

This argument is without merit for several reasons. Technically, and contrary to the wording of appellant's point of error, the trial court did *not* order a substituted Certification Investigation Report, but instead ordered further psychological evaluation of appellant.

■ Procedurally, precedent exists for the reopening of the hearing, as was here done. A juvenile court's action in reopening a hearing on waiver of jurisdiction, in receiving additional testimony, and in relying on that testimony does not constitute reversible error. *J.D.P. v. State,* 609 S.W.2d 868 (Tex.Civ.App.—Texarkana 1980, n.w.h.).

■ Substantively, in determining a certification matter on its merits, neither the Family Code nor case law limits the authority of a trial court to the receipt of a single psychological evaluation report, or forbids the trial court to order any relevant investigations it may deem necessary. Indeed, § 54.02(d) of the Family Code states that

Prior to the hearing the juvenile court shall order and obtain *a complete diagnostic study,* social evaluation, and *full investigation of the child,* his circumstances, and the circumstances of the alleged offense. (emphasis added)

Under § 54.02(e),

At the transfer hearing the court *may consider* written reports from probation officers, professional court employees, *or*

**502**

*professional consultants* in addition to the testimony of witnesses. (emphasis added)

The requirements of § 54.02(d) have been held to be mandatory and must be strictly followed. *I.L. v. State,* 577 S.W.2d 375 (Tex.Civ.App.—Austin 1979, n.w.h.), and cases cited therein. "Diagnostic study" has been construed to include psychologists' evaluations. *I.L., supra; L.M. v. State,* 618 S.W.2d 808 (Tex.Civ.App. —Houston [1st Dist.] 1981, n.w.h.). The qualitative content of a diagnostic study is the paramount concern of the juvenile trial court. *L.M., supra.* The determination of what constitutes a *"full investigation"* is for the trial court. *In re I.B.,* 619 S.W.2d 584, 585 (Tex.Civ.App.—Amarillo 1981, n.w.h.). It is a matter of logical deduction, then, to interpret § 54.02(d) as allowing the trial court to supplement, if not substitute, portions of diagnostic study when it is not satisfied with the quality or depth of the original.

While appellant urges that the trial court obviously "wanted an additional Psychological Evaluation that would support his predetermined bias and prejudice" that appellant should be certified as an adult, the record as a whole does not bear out the contention that this was the ground for ordering the subsequent evaluation. The trial court's stated lack of confidence in Schlesinger's evaluation abilities does not compel a decision that appellant's certification "was a foregone conclusion in the eyes of the Court." There is no indication in the record that Dr. Sarmiento received any instructions as to the conclusion expected of him. To the contrary, a psychiatrist called as a witness by appellant testified that her examination of appellant led to her conclusion that appellant had a serious conduct disorder of an aggressive type, and that her conclusions were based on appellant's statements to her and not on any knowledge of his past behavior. No abuse of discretion has been shown. No attack on appeal is made on either the merits of the transfer order or the sufficiency of the supporting evidence.

While appellant contends that the ordering of the second evaluation "amounted to a comment upon the weight of the evidence," he has not briefed his argument. Nevertheless, we have considered and rejected this contention. The vice of a judge's comment on the evidence is that such conduct may improperly influence a jury in its fact finding role. Certification hearings are held before the court without a jury. § 54.02(c).

Lastly, because appellant made no objection to the court's announced intention to order the second psychological evaluation, any error in its admission was waived.

Appellant's ground of error is overruled, and the transfer of the cause to the district court for criminal proceedings is affirmed.