TB 















IN THE
TENTH COURT OF APPEALS
 

No. 10-93-020-CV

     T.B.,
                                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                                              Appellee
 

From the County Court
Ellis County, Texas
Trial Court # 92-J-1876
                                                                                                    

O P I N I O N
                                                                                                    

      T.B. is appealing an order waiving jurisdiction and transferring his case from juvenile court
to the district court. He argues that the court erred in transferring the case because there was
factually and legally insufficient evidence to support the findings. We affirm.
      On July 29, 1992, T.B. was at a local swimming pool where he disobeyed pool rules and was
told by James Frazier, a lifeguard, and the pool manager that he was not allowed back into the
pool for the rest of the summer. T.B. then shot and killed Frazier. After the shooting T.B. left
the pool, but was brought to the police station by a relative later that day. 
      On July 30, the first of numerous detention hearings was held, and T.B. was detained from
that day until his case was transferred to the district court on October 15, 1992. The juvenile
court held a hearing and entered an order waiving jurisdiction.
      A juvenile court has discretion to waive its jurisdiction and transfer a criminal proceeding
involving a child to the district court if: (1) the child allegedly committed a felony; (2) the child
was at least 15 years old when he allegedly committed the offense and no adjudication hearing has
been conducted concerning the offense; and (3) after full investigation and hearing, the juvenile
court determines that there is probable cause to believe that the child committed the offense alleged
and that, because of the seriousness of the offense or the background of the child, the welfare of
the community requires criminal proceedings. Tex. Fam. Code Ann. § 54.02(a) (Vernon Supp.
1993). 
      T.B. contends in a single point of error that the trial court erred in waiving its jurisdiction and
transferring the case to the district court because the evidence is factually and legally insufficient
to support the third element. He specifically complains that there is no evidence to support the
finding that either the seriousness of the offense or his background necessitated that for the welfare
of the community he be tried as an adult. He also contends that in the alternative the great weight
and preponderance of the evidence is clearly against the finding.
      In determining whether or not to waive jurisdiction, the juvenile court is to consider among
other things:
(1) whether the alleged offense was against person or property, with greater weight in
favor of transfer given to offenses against the person;
(2) whether the alleged offense was committed in an aggressive and premeditated manner;
(3) whether there is evidence on which a grand jury may be expected to return an
indictment;
(4) the sophistication and maturity of the child;
(5) the record and previous history of the child; and
(6) the prospects of adequate protection of the public and likelihood of the rehabilitation
of the child by use of procedures, services, and facilities currently available to the
juvenile court.
Id. § 54.02(f) (Vernon 1986).
      The law is well settled that, although the juvenile court is required to consider all six factors
listed in section 54.02(f), it need not find that each factor is established by the evidence. In the
Matter of K.D.S., 808 S.W.2d 299, 302 (Tex. App.—Houston [1st Dist.] 1991, no writ). The
appellate court should only set aside the finding if it is against the great weight and preponderance
of the evidence. Id.
      In examining the six factors set forth in the Family Code, it is clear that this was a crime
against a person. Frazier was shot and killed.
      Furthermore, it is also clear that the offense was committed in an aggressive and premeditated
manner. See In re I.B., 619 S.W.2d 584, 587 (Tex. Civ. App.—Amarillo 1981, no pet). Karen
Benson, a pool employee, testified that T.B. had been disobeying pool rules by continuing to jump
off the lifeguard stand after Frazier and the pool manager repeatedly warned him to stop. Benson
testified that the manager asked her to add T.B.'s name to the list of persons not allowed back into
the pool for the remainder of the summer. She also heard T.B. cursing Frazier, and then she
heard a gunshot and saw T.B. walk inside with a gun in his hand.
      Rufus Venters, the pool manager, testified that after he told T.B. he was suspended for the
year, T.B. remained at the pool and dove into the pool again. Venters stated that T.B. then got
out of the pool and walked toward a bench to dry off. He then heard a loud pop and he saw T.B.
standing over Frazier with a pistol in his right hand, saying, "I told you to stay off of me, man!" 
Because the testimony illustrates that T.B. committed the offense in an aggressive and
premeditated manner, the second factor is met.
      In light of the evidence, this court is satisfied that a grand jury would return an indictment for
a felony. Therefore, the third factor has been met.
      Because T.B. does not contend that there was insufficient evidence regarding his
sophistication and maturity or whether the procedures, services, and facilities currently available
to the juvenile court are likely to adequately protect the public and rehabilitate T.B., we will not
address the fourth and sixth factors.
      Finally, T.B. argues that the evidence failed to show he had a background that would support
a transfer decision. The predisposition report filed with the court indicates that T.B. was placed
on informal adjustment for unauthorized use of a motor vehicle in August 1989. However, he
violated the "informal adjustment" agreement by refusing to attend school classes regularly. He
was subsequently adjudicated for the offense and was placed on probation for one year.
      Also included in the report was that T.B. had some difficulty with authority figures and that
he would talk back to teachers. He was eventually expelled for repeated infractions of the rules. 
Jessie Darlene Reed, one of T.B.'s teachers during his time in the alternative school, testified that
he was "street wise" and had problems primarily with male authority figures.
      T.B. was not a violent offender before he shot Frazier; however, he had been referred to the
juvenile probation office previously and had also been adjudicated for a third-degree felony after
violating his informal adjustment. Also, he had been a discipline problem at school and had
difficulty following rules and dealing with authority figures. This was precisely the situation he
was placed in on July 29, 1992, at the pool; however, he did not just talk back, but pulled a gun
and shot Frazier in the chest.
      The evidence adduced at the hearing was more than sufficient to support the court's findings,
and the findings are not so against the great weight and preponderance of the evidence as to be
manifestly unjust. We overrule T.B.'s point and affirm the judgment.
 
                                                                                 BOB L. THOMAS
                                                                                 Chief Justice

Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Affirmed
Opinion delivered and filed August 4, 1993
Do not publish