Appellant’s Motion for Rehearing Denied; Affirmed; Memorandum
Opinion of August 3, 2010, Withdrawn and Substitute Opinion filed November 4,
2010.

 

In
The

Fourteenth
Court of Appeals



NO. 14-09-00018-CR



Treyveon
Marcelle Pipkin, Appellant 

v.

The State of
Texas, Appellee 



On Appeal from
the 263rd District Court

Harris County, Texas

Trial Court
Cause No. 1166297



 

SUBSTITUTE OPINION[1]


Appellant Treyveon Marcelle Pipkin, a juvenile
certified to stand trial as an adult, appeals his conviction for aggravated
robbery with a deadly weapon.  Appellant claims that the juvenile court erred
in failing to consider a complete diagnostic study when certifying appellant to
stand trial as an adult.  Appellant also claims the juvenile court reversibly
erred in allowing appellant’s counsel to waive psychiatric and psychological
examinations ordered by the juvenile court because the purported waiver reflected
in the record did not comply with the requirements of section 51.09 of the
Texas Family Code.  We affirm.

I.  Factual and Procedural
Background

The State filed a petition in juvenile court,
alleging that appellant, who was fifteen years old at the time, had engaged in
delinquent conduct.  According to the petition, appellant committed aggravated
robbery with a deadly weapon.  The State later sought to amend its petition and
moved the juvenile court to waive its jurisdiction and certify appellant to stand
trial as an adult in criminal district court pursuant to section 54.02 of the
Texas Family Code.[2] 


The juvenile court granted the State’s motion for a
certification hearing.  By written order dated April 16, 2008, the juvenile
court ordered that a “complete diagnostic study, social evaluation, and full
investigation” be conducted on appellant, his circumstances, and the
circumstances surrounding the offense.  The juvenile court ordered the chief
juvenile probation officer to present the study at the certification hearing. 
The State filed a motion requesting the juvenile court to order a complete
psychiatric and psychological examination of appellant.  The record contains an
order dated April 23, 2008, in which the juvenile court granted the State’s motion
requesting a psychiatric and psychological evaluation.[3]  

At the certification hearing, the juvenile court took
judicial notice of the contents of appellant’s case file.  The State sought to
tender five State’s exhibits into evidence.  Appellant’s counsel responded,
“Your Honor, I think I have had an opportunity to examine these documents, and
I have no objection.”  The juvenile court admitted the exhibits.  One of the
exhibits was a three-page report, entitled “Juvenile Probation Certification
Report,” that was compiled by a juvenile probation officer.  Attached to the
report were copies of appellant’s birth certificate, social security card, and
results of a physical examination.  As relevant to our review, a section of the
report, entitled “Testing/Physical Examination,” contains the following two
sentences pertaining to psychological and psychiatric evaluations:

Certification
Psychological Evaluation was waived on April 23, 2008[,] by the juvenile’s
attorney, Daniel Kundiger.

Certification
Psychiatric Evaluation was waived on April 23, 2008[,] by the juvenile’s
attorney, Daniel Kundiger.

The State presented testimony from a single witness,
a police officer, who testified without objection about his investigation of
the charged offense.  According to the officer’s testimony, appellant entered a
retail store, displayed a handgun, demanded money from an employee, and fled
with $2,517.57.  Officers located appellant after the incident with assistance
from witnesses.  Officers recovered a bag containing $2,517.57 and the handgun
from a location where appellant had discarded the items.  The officer testified
that appellant gave a written statement to the magistrate in which appellant
admitted committing the offense and admitted purchasing the handgun one month
before the offense.  Officers learned that appellant had been documented in
police records as being affiliated with a criminal street gang.  Appellant’s
mother and grandfather testified, requesting that the juvenile court refuse to
certify appellant as an adult.  

By written order, the juvenile court waived its
jurisdiction and certified appellant to stand trial as an adult.  The juvenile
court’s order is set forth in relevant part:

On the 7th of May
2008, a hearing was held in the above styled and numbered cause number under
section 54.02 of the Family Code, on the issue of waiver of jurisdiction. 
Prior thereto the Court had ordered and obtained a diagnostic study, social
evaluation, a full investigation of the child, HIS circumstances, and the
circumstances of the alleged AGGRAVATED ROBBERY/DEADLY WEAPON . . . .

The juvenile court found,
“[a]fter full investigation,” that appellant is charged with the felony offense
of aggravated robbery with a deadly weapon.  The juvenile court found that
appellant was fourteen years or older at the time of the offense and found
probable cause to believe that appellant committed the alleged offense.  The
juvenile court transferred appellant’s case to the criminal district court,
noting the serious nature of the offense and the welfare of the community.  In
making its determination, the juvenile court considered the following factors: 
the alleged offense was committed against a person, appellant’s sophistication
and maturity, the record and appellant’s previous history, the adequate
protection of the public, and the likelihood of rehabilitation by resources
available to the juvenile court.

Appellant was charged by indictment with the felony
offense of aggravated robbery.  In the district court, appellant waived his
constitutional rights and judicially confessed to committing the charged
offense without an agreed recommendation as to punishment.  The district court
found appellant guilty of the charged offense.  After a pre-sentence
investigation, the district court assessed punishment at twenty years’
confinement.

II. Analysis

In appellant’s first issue, he claims the juvenile
court failed to consider a complete diagnostic study as required by section
54.02(d) of the Texas Family Code[4]
because the diagnostic study presented to the juvenile court did not contain
the psychological and psychiatric evaluations previously ordered by the
juvenile court.  Appellant also asserts that because the diagnostic report did
not include the psychological and psychiatric evaluations ordered by the
juvenile court, a full investigation of his circumstances was not made.  

A juvenile court may waive its exclusive original
jurisdiction and transfer a juvenile to a criminal district court for criminal
proceedings if (1) the child is alleged to have committed a felony, (2) the
child meets one of two age requirements, and (3) after a full investigation and
hearing, the juvenile court determines that probable cause exists to believe
the juvenile committed the alleged offense and that the community’s welfare
requires criminal proceedings because of the serious nature of the offense or
the child’s background.  See Tex.
Fam. Code Ann. § 54.02(a) (West 2009).  Section 54.02(d) of the Texas
Family Code requires that prior to a transfer hearing, a “juvenile court shall
order and obtain a complete diagnostic study, social evaluation, and full
investigation of the child, his circumstances, and the circumstances of the
alleged offense.”  Id. § 54.02(d).  A juvenile may test
the fullness of an investigation.  See Turner v. State, 796 S.W.2d 492,
497 (Tex. App.—Dallas 1990, no writ).  However, whether a diagnostic study is
complete is a determination for the juvenile court.  In re J.S.C., 875
S.W.2d 325, 329 (Tex. App.—Corpus Christi 1994, writ dism’d by agr.).  A
juvenile court’s ruling on the completeness of a diagnostic report will not be
overturned absent a showing of abuse of discretion.  Id.

Appellant did not raise this objection at the
certification hearing, and, therefore, appellant has not preserved error on
this issue.  See Tex. R. App. P.
33.1(a); see also McBride v. State, 655 S.W.2d 280, 284 (Tex.
App.—Houston [14th Dist.] 1983, no writ) (overruling appellant’s complaint of
alleged deprivation of due process at a transfer hearing because it was raised
for the first time on appeal); In re I.B., 619 S.W.2d 584, 586
(Tex. Civ. App.—Amarillo 1981, no writ) (providing that juvenile court at
transfer hearing did not err in overruling juvenile’s objections pertaining to
the fullness of an investigation).  An appeal of transfer from a juvenile court
to a criminal court is a criminal matter governed by the Texas Code of Criminal
Procedure and the Texas Rules of Appellate Procedure.  Tex. Code Crim. Proc. Ann. art. 44.47(c) (West 2006).  To
preserve a complaint for appellate review, a party must make a timely request,
objection, or motion with sufficient specificity to apprise the trial court of
the complaint and to afford the trial court an opportunity to rule on the
objection.  Tex. R. App. P.
33.1(a); Saldano v. State, 70 S.W.3d 873, 886B87 (Tex. Crim. App. 2002).  Requiring a party
to make a complaint to the trial court by specific, timely objection, request,
or motion as a prerequisite to presenting a complaint for appellate review
ensures the trial court will have an opportunity to prevent or correct errors. 
Gillenwaters v. State, 205 S.W.3d 534, 537 (Tex. Crim. App. 2006).  In
this case, had an objection been raised regarding the completeness of the
diagnostic study, possible corrective action could have included ordering a
subsequent psychological evaluation.  See In re R.L.H., 646 S.W.2d 499,
502 (Tex. App.—Houston [1st Dist.] 1982, no writ) (concluding trial court had
authority to reopen hearing and order a second psychological evaluation when
the trial court lacked confidence in the psychologist who conducted an
evaluation).  But appellant did not voice any objection to the completeness of
the diagnostic study as tendered and admitted in the transfer hearing.  See
In re I.B., 619 S.W.2d at 586 (“The juvenile can, of course, test
the fullness of the investigation made.  If tested, the matter of the
completeness of the investigation is one for initial determination by the trial
court which ordered it.”).  Appellant has not cited and we have not found any
place in the appellate record showing that appellant raised this issue in the juvenile
court or in the district court.  With few exceptions not applicable to the case
under review, even constitutional complaints may be waived by the failure to
raise a timely objection in the lower court.  See Saldano, 70 S.W.3d at
886B89.  Based on the record before this court,
appellant has not preserved error on this issue.  See Tex. R. App. P. 33.1(a).  Accordingly,
we overrule appellant’s first issue.

In his second issue, appellant points to the two
sentences in the probation officer’s report indicating that appellant’s
attorney waived psychological and psychiatric evaluation prior to the
certification hearing.  According to appellant, his trial counsel’s waiver to
the evaluations was not effective under section 51.09, and, accordingly, without
the psychological and psychiatric evaluations, the diagnostic study was not
complete under section 54.02(d).

            Section 51.09,
entitled “Waiver of Rights,” provides:

Unless a contrary
intent clearly appears elsewhere in this title, any right granted to a child by
this title or by the constitution or laws of this state or the United States
may be waived in proceedings under this title if: 

(1) the waiver is
made by the child and the attorney for the child; 

(2) the child and
the attorney waiving the right are informed of and understand the right and the
possible consequences of waiving it;

(3) the waiver is voluntary; and

(4) the waiver is
made in writing or in court proceedings that are recorded.

Tex. Fam. Code Ann. § 51.09 (West 2009).  Absent an effective
waiver, a juvenile may be subjected to treatment as an adult only if the
mandatory requirements in section 54.02 have been met.  R.E.M. v. State,
532 S.W.2d 645, 648 (Tex. Civ. App.—San Antonio 1975, writ ref’d n.r.e.).  But,
neither section 54.02 nor any other statute expressly provide that a
psychological or psychiatric evaluation is a “right granted to a child” as
contemplated by section 51.09 for effective waiver.  See Tex. Fam. Code Ann. § 51.09.  

A “complete diagnostic study,” as required under
section 54.02(d) has not been defined.  See In re B.T., No. 10-0383,
—S.W.3d —, —, 2010 WL 3813367, at *3 (Tex. Oct. 1, 2010).  “Typically, the
certification report includes a psychiatric report, a psychological report, and
a report by a probation department caseworker.”  In re J.S.C., 875
S.W.2d 325, 326–27 (Tex. App.—Corpus Christi 1994, writ dism’d).  However,
section 54.02(d) does not necessarily require a psychological or psychiatric
evaluation to render a diagnostic study complete.[5]  See
L.M. v. State, 618 S.W.2d 808, 811 (Tex. App.—Houston [1st Dist.] 1981 writ
ref’d n.r.e.) (involving a diagnostic report in which psychological tests of a
juvenile were not attached to diagnostic report and no psychiatric examination
was conducted); I—L— v. State, 577 S.W.2d 375, 376 (Tex. Civ.
App.—Austin 1979, writ ref’d n.r.e.) (upholding judgment ordering transfer of
juvenile to stand trial as adult even though no psychological examination was
made).  Instead, a court considers the qualitative content of a diagnostic study
rather than a “mere quantitative ‘check-list’” of included items.  B.T.,
2010 WL 3813367, at *3 (quoting L.M., 618 S.W.2d at 811–12).  

Because a psychological or psychiatric evaluation is
not a “right granted to a child by this title or by the constitution or laws of
this state or the United States,” any waiver of such evaluations does not fall
within the purview of section 51.09.  See Tex. Fam. Code Ann. § 51.09.  On this basis, waiver by
appellant’s attorney at the transfer hearing was not governed by section 51.09
and need not have complied with the requirements of section 51.09.  See id. 
Therefore, we overrule appellant’s second issue.  

            The judgment of
the trial court is affirmed.

 

                                                                                    

                                                                        /s/        Kem
Thompson Frost

                                                                                    Justice

 

 

 

Panel consists of Justices Frost, Boyce, and Sullivan.

Publish — Tex. R. App. P. 47.2(b).

 









[1] Appellant’s
motion for rehearing is denied.  This court’s memorandum opinion of August 3,
2010, is withdrawn and this substitute opinion is issued in its place.





[2] Tex. Fam. Code Ann. § 54.02 (West 2009) (governing waiver of
excusive original jurisdiction by juvenile court and discretionary transfer to
a criminal court). 





[3] Although
the State refers to a second order dated April 23, 2008, which the State claims
purportedly conflicts with the order directing a psychological or psychiatric
evaluation, this second purported order is not included in the appellate record
and cannot be considered by this court.





[4] Unless
otherwise specified, all references to a “section” will be to the Texas Family
Code.





[5] Likewise, a
trial court does not abuse its discretion in failing to consider psychological
or psychiatric evaluations in connection with a diagnostic study if a
juvenile’s attorney opposes the evaluations.  See R.E.M., 541 S.W.2d at
845 (indicating a juvenile still may be certified to stand trial as an adult despite
attorney’s efforts to actively thwart compliance with section 54.02(d) or
juvenile’s refusal to cooperate).