**In the Matter of Darrin Keith EDWARDS, Appellant.**

No. 2690cv.

Court of Appeals of Texas, Corpus Christi.

Sept. 23, 1982.

Rehearing Denied Oct. 14, 1982.

Patrick McGuire, Corpus Christi, for appellant.

Michael Westergren, County Atty., Corpus Christi, for appellee.

Before BISSETT, YOUNG and KENNEDY, JJ.

## OPINION

BISSETT, Justice.

This is an appeal by Darrin Keith Edwards, appellant, from an order of the Juvenile Court of Nueces County, Texas, wherein appellant, a child, was certified to stand trial as an adult for the offense of capital murder. We affirm.

Appellant was arrested for the offense of murder on February 17, 1982. Both appellant and his attorney signed a "Waiver of Detention Hearing." Such hearing was duly held and the child was ordered detained. A certification hearing was duly held on March 8, 1982, following which the Juvenile Court waived its jurisdiction.

It is undisputed that the appellant was born on April 19, 1965, and that he resides in Corpus Christi, Nueces County, Texas. It is conclusively shown by the record that he was sixteen years of age at all times in question.

Sergeant U.B. Alvarado, a police officer of the City of Corpus Christi, Texas, testified that the body of Mrs. Natalie Herold was found in Nueces County, Texas, on February 16, 1982. Latent fingerprints were found at the scene of the homicide. Thereafter, the appellant was charged with the murder of Natalie Herold and was formally arrested on February 17, 1982, as above stated. Although some fingerprints were found at the scene of the homicide on February 16, 1982, they were not "lifted"

until February 17, 1982. The prints so lifted were positively identified as being appellant's fingerprints.

Mr. Ken Botary, Assistant District Attorney for Nueces County, Texas, testified that there was sufficient evidence against the appellant to present to the Grand Jury for indictment for the murder of Mrs. Herold, and that the District Attorney's office would prosecute the case if the Grand Jury indicted.

Appellant, in ground of error number one, claims that the trial court erred in failing to appoint a guardian ad litem for the defendant. This ground of error cannot be sustained. Tex.Fam.Code Ann. § 51.-11(a)(b) (Vernon 1975) provides:

"(a) If a child appears before the juvenile court without a parent or guardian, the court shall appoint a guardian ad litem to protect the interest of the child. The juvenile court need not appoint a guardian ad litem if a parent or guardian appears with the child.

(b) In any case in which it appears to the juvenile court that the child's parent or guardian is incapable or unwilling to make decisions in the best interest of the child with respect to proceedings under this title, the court may appoint a guardian ad litem to protect the interests of the child in the proceedings."

The record reflects that Mrs. Olivia Nesbitt, the natural mother of the appellant, appeared with him at the certification hearing on March 1, 1982. This fact relieved the Juvenile Court of the duty of appointing a guardian ad litem.

Since there is nothing in the record to show the appellant's mother was "incapable or unwilling to make decisions in the best interest of the child," and since the appellant makes no assertion that his mother failed to act in his best interests, we must assume that nothing transpired to give the trial court cause to invoke the special appointive powers of Section 51.11(b). *In the Matter of P.A.C.,* 562 S.W.2d 913 (Tex.Civ. App.—Amarillo 1978); *In the Matter of Honsaker,* 539 S.W.2d 198 (Tex.Civ.App.— Dallas 1976, writ ref'd n.r.e.).

We hold that the trial court was not required to appoint a guardian ad litem for appellant. Ground of error one is overruled.

Appellant, in grounds of error two, three, four and five, contends that the trial court failed to afford him due process of law because: 1) it failed to issue summons to appellant's parent and to a guardian ad litem; 2) it failed to issue proper summons to the appellant and his parents; 3) the petition filed by the State failed to state whether the allegations contained therein were based on knowledge of the facts alleged, or on information and belief that such facts were true; 4) it failed to give adequate notice under Tex.Fam.Code Ann. § 53.04 and § 54.02 (Vernon 1975 and Supp. 1982).[1] None of the grounds have any merit.

Tex.Fam.Code Ann. § 53.06(a) (Vernon 1975) provides:

"(a) The juvenile court shall direct issuance of a summons to:

(1) the child named in the petition;

(2) the child's parent, guardian, or custodian;

(3) the child's guardian ad litem; and

(4) any other person who appears to the court to be a proper or necessary party to the proceeding."

■ Appellant specifically complains that his rights were prejudiced due to the failure of the trial court to issue a summons to his natural father. The record shows that the appellant's natural mother was present at the certification hearing pursuant to a summons which was properly issued and served on her. The above-quoted section of the Family Code requires the issuance of a summons to "the child's parent, guardian, or custodian." This provision does not require the issuance of summons to all such persons. The issuance of a summons to *either* of the child's parents is sufficient to comply with Section 53.06(a) of the Code. *In the Matter of V.C.H.*, 605 S.W.2d 643 (Tex.Civ.App.—Houston [1st Dist.] 1980, no writ); *In the Matter of J.S.*, 602 S.W.2d 585 (Tex.Civ.

App.—Amarillo 1980, no writ). As stated above, the trial court was not required to appoint a guardian ad litem; and, therefore, summons was not necessary on any such guardian. Since the child's natural mother was properly served with summons, there was no statutory requirement for the service of summons on the child's natural father.

Appellant, in support of his grounds that trial court failed to issue proper summons to him and to his parents and that the trial court failed to give adequate notice under § 54.02 of the Code, argues that the above provisions of the Code are mandatory and that the summonses failed to specifically state that a copy of the petition accompanied them as required by § 53.06(b) of the Code.

The record shows that there was full compliance with the provisions of §§ 53.05 and 53.07. As will heretofore be detailed, the petition and notice requirements of §§ 53.04 and 53.06 were satisfied.

Section 54.02(b), in pertinent part provides:

"... the summons must state that the hearing is for the purpose of considering discretionary transfer to criminal court."

Section 53.06(b) provides:

"The summons must require the persons served to appear before the court at the time set to answer the allegations of the petition. A copy of the petition must accompany the summons."

The State filed a petition in this case on February 23, 1982, which, in pertinent part, reads:

"I.

The said Darren (sic) K. Edwards is a child now 16 years of age, having been born April 19, 1965, whose residence is 1906 Palm in Corpus Christi, Nueces County, Texas.

II.

The parent of said child and her residence is as follows:

1. Unless otherwise stated, all "Code" references are to the Texas Family Code.

Olivia Nesbitt, 1906 Palm, Corpus Christi, Texas.

### III.

That on or about the 15 day of February, 1982, the said child violated a penal law of this state punishable by (imprisonment or death to-wit: Article 19.03 of the Penal Code of Texas, in that he did then and there intentionally cause the death of Natalie Herold, and that the said Darren (sic) K. Edwards was then and there in the course of attempting to commit burglary, in Nueces County, Texas."

The State, in the petition, prayed that the appellant "be found to have engaged in delinquent conduct." An adjudication hearing was not held. Also on February 23, 1982, the State filed a motion denominated "Motion Requesting the Juvenile Court to Waive Its Jurisdiction," wherein it requested that the Juvenile Court waive its jurisdiction and transfer the cause to the appropriate court in Nueces County, Texas. The motion, in pertinent part, reads:

"1. That the child is 16 years of age, having been born on the 19 day of April, 1965;

2. That the offense alleged is against the person and was committed in an aggressive and premeditated manner;

3. That there is enough evidence upon which the grand jury may be expected to return an indictment;

4. That the child is sophisticated and mature enough that he should be treated as an adult;

5. That the record and previous history of the child warrant his being treated as an adult;

6. That the prospects of adequate protection of the public and the likelihood of reasonable rehabilitation of the child by the use of procedures, services, and facilities currently available to the Juvenile Court warrant his being treated as an adult;

7. That the Court will order and obtain from Cliff Rowland, Juvenile Probation Officer of Nueces County, Texas, a complete diagnostic study, social evaluation, and full investigation of the child, his circumstances, and the circumstances of the alleged offense, which said report will be filed in the papers of this case;

8. That counsel for the child will be given access to all written matter to be considered by the Court in making the transfer decision."

Two summonses were duly issued to the appellant and, also, to his mother, Olivia Nesbitt. All of the summonses were issued on February 23, 1982, and were served on the appellant and on his mother on February 24, 1982. One of the summonses served on appellant and on his mother stated that the appellant was required to appear at the time and place designated for hearing. That notice further stated:

"A copy of the pleadings heretofore filed and a copy of the Notice of Right to Counsel in Juvenile Proceedings accompanies this summons."

The other summons on appellant and his mother notified the appellant to appear at the time and place therein stated:

"to answer the allegations of the motion which is attached hereto and made a part hereof."

The summons further stated:

"the purpose of the hearing at the above date and time is to consider waiver of jurisdiction and discretionary transfer to criminal court."

In disposing of appellant's grounds of error concerning the issuance of proper summons and the adequacy of the notice of the summons, we consider both summonses. The statute does not require that the summons state that "a copy of the petition" accompanies the summons. All that is required is that "a copy of the petition must accompany the summons." One of the summons in this case recites that "a copy of the pleadings heretofore filed .... accompanies this summons." There is nothing in the record which indicates that either the appellant or his mother did not

receive "a copy of the pleadings heretofore filed." When considering the two summonses together, we note that a copy of the "motion" and a copy of the "pleadings" accompanied the summonses. We hold that there was substantial compliance with § 53.06(b) of the Code. We further hold that the summonses and the attached copies of the "petition" and the "motion," when considered together, are in substantial compliance with the statutory requirements of § 54.02(b) of the Code.

◼ The better practice would be for the summons to recite that "a copy of the petition accompanies this summons" rather than "a copy of the pleadings heretofore filed accompanies this summons." It is suggested that the proper public officials restudy the statutory requirements of the aforesaid sections of the Code and, if necessary, redraw the form petition and notices used in certification proceedings. See *In the Matter of G.B.B.*, 572 S.W.2d 751, 752 (Tex.Civ.App.—El Paso 1978, writ ref'd n.r. e.).

We do not believe that appellant's rights were prejudiced with respect to the contents of the summonses issued and served. Under the facts set out in the summonses and the copies of the "pleadings" and "motion" attached thereto, the State was authorized to proceed to have the Juvenile Court waive its jurisdiction and transfer the cause to a criminal court based on the criminal acts alleged therein. *In the Matter of G.B.B.*, supra; *In Re W.R.M.*, 534 S.W.2d 178 (Tex.Civ.App.—Eastland 1976, no writ). Appellant's arguments that the trial court failed to issue proper summons to him and to his parents and that the trial court failed to adequately give notice as provided by the Code cannot be sustained. The summonses, as issued and served, afforded "due process" to the appellant.

◼ The appellant further asserts that the petition failed to state whether the allegations contained therein were based on the knowledge of facts alleged or on information and belief that they were true. This assertion has no merit.

Section 53.04 of the Code sets out in detail the requirements of the petition. Included therein is language which reads as:

"(c) The petition may be on information and belief."

Subsection (c) does not contain mandatory language and, therefore, is not mandatory. However, the better practice would be to comply with the provision of subsection (c).

◼ Subsection (d) of § 53.04 sets out the elements which must be included in the petition. Those elements are:

"(1) with reasonable particularity the time, place, and manner of the acts alleged and the penal law or standard of conduct allegedly violated by the acts;

(2) the name, age, and residence address, if known, of the child who is the subject of the petition;

(3) the names and residence addresses, if known, of the parent, guardian, or custodian of the child and of the child's spouse, if any; and

(4) if the child's parent, guardian, or custodian does not reside or cannot be found in the state, or if their places of residence are unknown, the name and residence address of any known adult relative residing in the county or, if there is none, the name and resident address of the known adult relative residing nearest to the location of the court."

It is mandatory that the aforesaid elements be included in the petition. *In the Matter of W.L.C.*, 562 S.W.2d 454, 455 (Tex.1978).

A comparison of the petition filed in this case with the mandatory requirements of the statute show that the petition did set forth all of the elements required to be included therein. A recitation that the petition is based on information and belief or on knowledge of the facts alleged is not among those elements. The lack of such recitation did not deprive the Juvenile Court of jurisdiction to hear "The Motion Requesting the Juvenile Court to Waive Its Jurisdiction," and to order the child to stand trial as an adult. Grounds of error two, three, four and five are overruled.

In ground of error six, the appellant says that the State's pleadings are insufficient to apprise the appellant of the offense and the acts which constitute the basis of the certification and transfer proceedings. We do not agree.

A petition to transfer the trial of a juvenile to a district court as an adult need not meet the requirements and particularities of an indictment. *Ex Parte Solete,* 603 S.W.2d 853 (Tex.Cr.App.1980, no writ history). A reading of the petition sufficiently apprises the appellant that Natalie Herold was murdered by him in Nueces County, Texas, while he was then and there in the course of attempting to commit burglary.

Due process does not require that the language used in the certification proceedings should be as certain as language required to set out an offense in an indictment or in an information. It is enough in certification proceedings that the conduct be defined as criminal so as to subject the offender either to the process of juvenile proceedings or to trial and punishment as an adult. The statements in the petition relating to the illegal allegedly committed acts of appellant in Nueces County, Texas, on or about a particular date, met the standard required. No basis for a reversal on this ground is shown. See *T.P.S. v. State,* 590 S.W.2d 946 (Tex.Civ.App.—Dallas 1979, writ ref'd n.r.e.). Ground of error six is overruled.

In grounds of error seven and eight, appellant complains that the State's pleadings failed to set forth with particularity the acts of appellant complained of and relied upon to constitute delinquency since they: 1) failed to state with reasonable particularity the manner and means used to cause the death of the victim and 2) failed to specify whether the victim of the offense of burglary is the same person as the victim of murder.

Section 19.02(a)(1), V.T.C.A., Texas Penal Code provides:

"(a) A person commits an offense if he:
(1) intentionally or knowingly causes the death of an individual."

The language of the petition charging murder reads:

"[Darrin Keith Edwards] did then and there intentionally cause the death of Natalie Herold."

Section 19.03(a)(2), V.T.C.A., Texas Penal Code provides:

"(a) A person commits an offense if he commits murder as defined under Section 19.02(a)(1) of the code and;

\* \* \* \* \* \*

(2) the person intentionally commits the murder in the course of committing or attempting to commit kidnapping, burglary, robbery, aggravated rape, or arson."

The language of the petition further charges that the murder was committed while the appellant "was in the course of attempting to commit burglary, in Nueces County, Texas." Although a proper indictment to serve as the basis for trial in a criminal court for the offense of murder would necessarily allege the manner of death, the same is not required in a juvenile court proceeding by which jurisdiction of a child will be transferred to a criminal court. *T.P.S. v. State,* 590 S.W.2d 946 (Tex.Civ. Dallas 1980, writ ref'd, n.r.e.); *In the Matter of P.B.C.,* 538 S.W.2d 448 (Tex.Civ.App. —El Paso 1976, no writ). The fact that appellant is not apprised by the petition in the exact manner and means to cause of death for which he is charged does not deny him due process. The language of the petition is sufficient to give the appellant fair notice of the criminal acts for which he is accused for the certification and transfer hearing. It was not necessary that the petition apprise appellant whether the victim of the offense of murder is the same person who was also the victim of burglary. Grounds of error seven and eight are overruled.

In ground of error nine, his final ground, appellant complains that the Juvenile Court abused its discretion in waiving jurisdiction and certifying the appellant to the district court for criminal proceedings since the evidence is insufficient to support such order. We disagree.

Section 54.02(f) of the Code provides: "In making the determination required by Subsection (a) of this section, the court shall consider, among other matters: (1) whether the alleged offense was against person or property, with greater weight in favor of transfer given to offenses against the person; (2) whether the alleged offense was committed in an aggressive and premeditated manner; (3) whether there is evidence on which a grand jury may be expected to return an indictment; (4) the sophistication and maturity of the child; (5) the record and previous history of the child; and (6) the prospects of adequate protection of the public and the likelihood of the rehabilitation of the child by use of procedures, services, and facilities currently available to the juvenile court."

The court, in exercising its discretion to waive jurisdiction and transfer the cause to a district court for criminal proceedings, made specific findings of fact which formed the basis of its order. The record reflects that the Juvenile Court was presented with sufficient evidence to establish each of the facts set out in § 54.02(f) of the Code. Both parties have filed excellent briefs. Counsel for State has summarized the evidence which he argues fully supports the Order rendered by the court. We adopt that summary and incorporate the same, as it appears in the State's brief, as follows:

"1. *Whether the offense was against a person.*

The offense was murder and the finding is obvious.

2. *Whether the offense was committed in an aggressive and premeditated manner.*

There is nothing in the record as to premeditation, but the testimony of officer U.B. Alvarado shows that the victim was beaten to death, and supports a finding of extremely aggressive acts.

3. *Whether there was sufficient evidence on which the grand jury could be expected to return an indictment.*

The record reflects evidence of fingerprints of the Appellant found at the crime scene. There was evidence of blood on Appellant's clothing, and imprint of a tennis shoe at the crime scene which was similar to the imprint of Appellant's shoes. There was evidence of statements from a potential co-defendant implicating Appellant as well as Appellant's own oral statements.

4. *The sophistication and maturity of the child.*

The testimony of Dr. Chris Klaas indicates that after examination the doctor considered Appellant sophisticated and mature enough to be tried as an adult.

5. *Record and prior history of the child.*

The social evaluation of the Appellant's background shows that Appellant in May, 1979 had been involved in a non-residential burglary; in July, 1979, he was placed on one-year juvenile probation; in July, 1979, Appellant was identified by the victim as one who assaulted him, breaking the victim's jaw. The record reflects more juvenile offense and referral to the Texas Youth Council on October 9, 1979.

6. *The prospects of adequate protection of the public and the likelihood of reasonable rehabilitation of the child by use of procedures, services and facilities currently available to the Juvenile Court.*

The Appellant's prior record shows that he has been treated in every level of the available juvenile rehabilitative structure. From probation, to commitment to the Texas Youth Council, to supervised parole from that facility, the Appellant has not been sufficiently socialized to justify his continued treatment in the juvenile system."

We find that the court's findings and decision to waive jurisdiction are fully supported by the evidence. There was no abuse of discretion in certifying the appellant to be tried as an adult for the crime

which he is alleged to have committed. Ground of error nine is overruled.

AFFIRMED.