701 S.W.2d 939 (1986)
In the Matter of K.M.P., Appellant,
v.
The STATE of Texas, State.
No. 2-85-091-CV.
Court of Appeals of Texas, Fort Worth.
January 8, 1986.
*940 Tom Whitlock, Denton, for appellant.
Jerry Cobb, Crim. Dist. Atty., Jim E. Crouch, Asst. Crim. Dist. Atty., Denton, for State.
Before FENDER, C.J., and ASHWORTH and HILL, JJ.

OPINION
FENDER, Chief Justice.
This is an appeal from the discretionary transfer of a juvenile, K.M.P., appellant, to criminal court.
The appellant, age 15, and her husband, age 19, were married and living with their four-day-old child on January 8, 1985. On this day, appellant, who had apparently been at home alone with the baby, told a neighbor that she had dropped the baby on the kitchen floor and the neighbor called an ambulance. The baby died early the next morning at the hospital.
The cause of death was due to head injuries. The doctor testified that the fractures were so numerous that they were difficult to diagram and that the injuries were of such force that he could not conceive that the dropping of the baby would cause this type of injury.
Appellant was taken into custody pursuant to a detention order. After a hearing of the State's petition for discretionary transfer to criminal court, the juvenile court waived jurisdiction over appellant.
We affirm.
In her first point of error appellant contends that the trial court erred in overruling her objection to the State's pleadings because such pleadings were fatally defective for "failure to state the manner of the alleged acts." Section 53.04(d)(1) of the Texas Family Code says that the petition must state: "with reasonable particularity the time, place, and manner of the acts alleged and the penal law or standard of conduct allegedly violated by the acts...." TEX.FAM.CODE ANN. sec. 53.04(d)(1) (Vernon 1975).
The petition for discretionary transfer to criminal court alleges that appellant "did then and there intentionally and knowingly cause the death of an individual ... by manner and means unknown; and ... that... K.M.P. ... did then and there intentionally, with the intent to cause serious bodily injury to [the baby], commit an act clearly dangerous to human life by manner and means unknown, which caused the death of [the baby]; and ... that ... K.M.P. ... did then and there intentionally and knowingly engage in conduct that caused serious bodily injury to [the baby], a child 14 years of age or younger by manner and means unknown."
Although a proper indictment, to serve as a basis for trial in a criminal court for the offense of murder, would necessarily allege the manner of death, the same is not required in a juvenile court proceeding by which jurisdiction of a child will be transferred to a criminal court. Matter of Edwards, 644 S.W.2d 815, 821 (Tex.App. Corpus Christi 1982, no writ). The fact that appellant is not apprised by the petition of the exact manner and means which caused the death for which she is charged, does not deny her due process. See id. Appellant's first point of error is overruled.
Appellant contends in her second point of error that the trial court erred in hearing the motion for discretionary transfer without complying with the notice provisions of section 53.06 of the Family Code. Section 53.06 states that:
(a) The juvenile court shall direct issuance of a summons to:
(1) the child named in the petition;
(2) the child's parent, guardian, or custodian;
(3) the child's guardian ad litem; and
*941 (4) any other person who appears to the court to be a proper or necessary party to the proceeding.
(b) The summons must require the persons served to appear before the court at the time set to answer the allegations of the petition. A copy of the petition must accompany the summons. (Emphasis ours.)
TEX.FAM.CODE ANN. 53.06 (Vernon 1975). Section 54.02(b) states that:
The petition and notice requirements of Sections 53.04, 53.05, 53.06, and 53.07 of this code must be satisfied....
Id.
Appellant contends that she herself was served with a summons without a copy of the petition and therefore the court did not have jurisdiction to hear the petition. However, the record reflects that appellant's attorney stated at the hearing that appellant "(had) been served with a copy of the petition." Also, the summon's return which is contained in the record states that appellant received a copy of the petition. There is no evidence in the record that appellant did not receive a copy of the petition, therefore, appellant cannot raise this point for the first time on appeal.
Appellant next contends that her father, A.R., was served with a copy of the summons but not of the petition. Section 53.06(e) of the Family Code states that:
(e) A party, other than the child, may waive service of summons by written stipulation or by voluntary appearance at the hearing.
TEX.FAM.CODE ANN. sec. 53.06(e) (Vernon 1975).
The record reflects that at the hearing the following occurred:
MS. FLANAGAN (Assistant District Attorney): ... [T]he natural father of the juvenile has appeared numerous times before the court in detention hearings and indicated to the Court that he was appearing, not just for the purpose of testifying at the hearing as a witness, but was subjecting himself to the jurisdiction of the Court and was waiving service and Summons as required by the Family Code.

* * * * * *
THE COURT: Is it of any import to you that he, [A.R.] when asked, indicated that he was here for the purpose of submitting to the jurisdiction of the court?
MR. WHITLOCK (Appellant's attorney): I understand and recall that testimony vividly, your Honor. He being willing to come into court and submitting himself to the jurisdiction of the Court in no way removes a requirement that he be served with a Petition setting forth what we're here to do, according to the Family Code, and I don't think it's waivable just because he testifies....

* * * * * *
THE COURT: Then I would ask you: have you any complaint to make about thebeing served with a Summons or any notice of requirements regarding the proceedings here?
A.R.: I think there's nothing wrong by me not. I'm just getting the hearsay of what's going on. I don't get any papers telling me what's happening, explaining it to me. All I get is hearsay.
We find that under section 53.06(e) of the Family Code, service of summons and of the petition may be waived, and was waived in this case by A.R.
Appellees, in the record and in their brief, state that R. appeared at an earlier detention hearing on January 28, 1985 and voluntarily submitted himself to the jurisdiction of the court. This statement of fact has not been disputed by appellant and so will be accepted as true. The record reflects that a detention hearing was ordered on January 28, 1985 and held on January 29, 1985. This is probably the hearing to which appellees refer.
Because appellant's father waived service of summons at an earlier hearing and therefore subjected himself to the jurisdiction of the juvenile court, he cannot now complain of the juvenile court's lack of jurisdiction at this hearing.
*942 Appellant next contends that J.P., appellant's spouse, appeared for the hearing due to a subpoena requiring his presence in court to testify on behalf of the State and that he did not receive a copy of the petition. Appellant contends that the trial court did not have jurisdiction because of this. Apparently, appellant is contending that her husband should have received a summons and a copy of the petition because he is a "proper or necessary party" under 53.06(a)(4) of the Family Code.
We find that the trial court was not deprived of jurisdiction because of the lack of service upon J.P. Although it is probably necessary to serve a juvenile's parent with a summons and copy of the petition, we find that it is not necessary to also serve the husband of a married juvenile when a parent has been served.
The commentary to section 51.11 of the Family Code explains that a basic principle of the Code is that every child who appears before the juvenile court must have the assistance of some friendly, competent adult who can supply the child with support and guidance. See Texas Family Code Symposium, 5 Tex.Tech L.Rev. 529 (1974). See also Matter of Honsaker, 539 S.W.2d 198, 201 (Tex.Civ.App.Dallas 1976, no writ). Usually one of the child's parents will fill this need. See Matter of Honsaker 539 S.W.2d at 201. We hold that appellant's due process rights were adequately protected.
By finding that J.P. was served with the "required matters", (a subpoena) the trial court also found that he was not a proper or necessary party to the proceeding. Cf. TEX.FAM.CODE ANN. sec. 53.06 (Vernon 1975). Even though the definition of "party" contained in Section 51.02(10) of the Family Code includes "the child's ... spouse", we find that in this case, because A.R. was available to aid appellant during the hearing and because no contention is advanced that J.P. has rights which might be affected by the hearing, J.P. was not a proper or necessary party. See Matter of Honsaker, 539 S.W.2d at 201.
Appellant lastly contends that the trial court was deprived of jurisdiction because her mother was not served with a copy of the summons and the petition. Section 53.06(a)(2) of the Family Code requires that a child's parent be served with a summons and copy of the petition. See TEX.FAM.CODE ANN. sec. 53.06 (Vernon 1975). This provision does not require the issuance of a summons and a copy of the petition to both parents. The issuance of a summons to either of the child's parents is sufficient to comply with section 53.06(a) of the Family Code. Matter of Edwards, 644 S.W.2d 815, 818 (Tex.App.Corpus Christi 1982, no writ). Here, although appellant's father was not served, the equivalent was accomplished when he waived service and appeared at the hearing to aid his daughter. Appellant's second point of error is overruled.
In her third point of error appellant contends that there is no evidence to support the trial court's determination that there were "no services available to the juvenile court to effect the child's rehabilitation." The record shows that in its order of transfer to a criminal court the trial court found that "the prospects of adequate protection of the public and the likelihood of rehabilitation of [appellant] ... would not be substantially enhanced by the use of procedures, services and facilities available to the juvenile court. Specifically, due to the indicated rehabilitative needs of [appellant] ... and the brief duration that resort could be made to the procedures, services and facilities available to the Juvenile Court, the prospects of adequate protection and the likelihood of rehabilitation could be as well, if not better be, secured through waiver of the Juvenile Court's jurisdiction." [Emphasis ours.]
We find that there is evidence to support this finding of the court. After considering the background of appellant, the seriousness of the offense and reviewing the psychologist's reports, we find that there was sufficient evidence to support the finding that the rehabilitative needs of the appellant and the protection of the community could best be served through waiver of the juvenile court's jurisdiction. This is *943 especially so because of the short period of time available to the juvenile court to effectuate appellant's rehabilitation. Appellant's third point of error is overruled.
The judgment is affirmed.