**In the Matter of P.C., a Minor, Appellant.**

**No. 01–92–00900–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

June 10, 1993.

Renato Santos, Jr., Houston, for appellant.

John B. Holmes, Dist. Atty., Robert Molder, Asst., Houston, for State.

Before O'CONNOR, COHEN and JUNELL[1], JJ.

## OPINION

O'CONNOR, Justice.

This Court is asked to determine if the juvenile court had jurisdiction to transfer the appellant, P.C., to the criminal district court. We hold it did and affirm the order of transfer.

The District Attorney's office filed a motion requesting the juvenile court to waive its jurisdiction over the appellant and transfer him to the criminal court for trial as an adult on a capital murder charge. Before the certification hearing, the court ordered a complete evaluation, including a diagnostic study, a social evaluation, a psychological and psychiatric evaluation, and a full investigation of his circumstances and the circumstances surrounding the murder. During the certification hearing, several witnesses testified, and there were numerous exhibits introduced, including the appellant's confession. The appellant's natural mother was properly served with a summons and was present at the certification hearing. After hearing all the evidence, the court waived its jurisdiction and transferred the appellant to criminal court where he would be tried as an adult.

In his only point of error, the appellant argues the juvenile court lacked jurisdiction to transfer him to criminal district court because his father was not served with a summons as required by TEX.FAM.

CODE ANN. § 54.02(b) (Vernon 1986) and in violation of his due process rights.

Section 54.02(b) provides:

The petition and notice requirements of Sections 53.04, 53.05, 53.06, and 53.07 of this code must be satisfied, and the summons must state that the hearing is for the purpose of considering discretionary transfer to criminal court.

Section 53.06(a) provides:

The juvenile court shall direct issuance of a summons to:

(1) the child named in the petition;

(2) the child's parent, guardian, or custodian;

(3) the child's guardian ad litem; and

(4) any other person who appears to the court to be a proper or necessary party to the proceeding.

TEX.FAM.CODE ANN. § 53.06(a) (Vernon 1986). The appellant argues the juvenile court was required to direct the issuance of a summons to his father because his father was a "parent" under the statute. While it is true his father is a parent, it is equally true his mother is a parent, and the summons was issued to her. Section 53.06(a)(2) specifically states, "the child's parent" in the singular. TEX.FAM.CODE ANN. § 53.-06(a)(2) (Vernon 1986). It does not require both parents be issued a summons.

In *K.M.P. v. State*, 701 S.W.2d 939, 942 (Tex.App.—Fort Worth 1986, no writ), the appellant claimed the juvenile court did not have jurisdiction to transfer her to criminal court, because only her father was served with a summons, waived service, and appeared at the hearing, but her mother did not receive a summons. The court held section 53.06 does not require the issuance of a summons and a copy of the petition to both parents. *Id.* The issuance of a summons to either of the child's parents is sufficient to comply with section 53.06(a) of the Family Code. *K.M.P.*, 701 S.W.2d at 942; *In re Edwards*, 644 S.W.2d 815, 818 (Tex.App.—Corpus Christi 1982, writ ref'd n.r.e.). Here, the record reflects the appellant's natural mother was present at the certification hearing pursuant to a summons that was properly issued and served on her. Because the child's natural mother

1. The Honorable WILLIAM E. JUNELL, retired Justice, Court of Appeals, Fourteenth District of Texas at Houston, participating by assignment.

was properly served with summons, there was no statutory requirement for the service of summons on the child's natural father. *Edwards,* 644 S.W.2d at 818 (juvenile's natural mother was present at the certification hearing).

We overrule the point of error and uphold the waiver of juvenile jurisdiction and transfer of the appellant to criminal district court.