COURT OF APPEALS









COURT
OF APPEALS

EIGHTH
DISTRICT OF TEXAS

EL
PASO, TEXAS

 

 

                                                                              )

                                                                              )             
No.  08-01-00332-CV

                                                                              )

                                                                              )                      Appeal from

IN THE MATTER OF W.D.M., A
Juvenile,          )

                                                                              )              
327th District Court

                                                                              )

                                                                              )          
of El Paso County, Texas

                                                                              )

                                                                              )                 (TC# 01,00493)

 

 

MEMORANDUM  OPINION

 

The State filed a
petition alleging that W.D.M., a juvenile, had engaged in delinquent conduct by
committing the offense of attempted murder and aggravated assault.  The juvenile waived a trial and admitted to
aggravated assault.  A jury trial on
disposition was held and the jury committed her to the Texas Youth Commission
for 5 years and 7 months.  On appeal,
Appellant asserts two issue.  We affirm.

The Appellant was
a twelve-year-old female who stabbed her mother with a kitchen knife on March
31, 2001.  She was arrested on April 1,
2001, and the initial detention hearing was held on April 2, 2001.  The Appellant=s
mother was then hospitalized, and the trial court appointed the Appellant=s aunt as guardian ad litem.  At two subsequent pretrial hearings, the
guardian ad litem was present with the juvenile.  At all subsequent hearings, the juvenile
appeared with her mother.








In Issue One,
Appellant contends that the trial court never obtained jurisdiction to
adjudicate her under the determinate sentencing provisions of the Texas Family
Code because she was never served with a summons on the determinate petition.  See Tex.Fam.Code
Ann. ' 53.06(a)(Vernon
2002).  She complains that nothing in the
record, apart from the trial court=s
recitation in the judgment, indicates that the State ever personally served
Appellant with a summons for the Amended Petition.  As the Appellee=s
brief notes, however, a copy of the summons and return establish that the
Appellant was served the Amended Petition on May 8, 2001.  The original clerk=s
record inadvertently omitted the summons and return, but they were included in
a supplemental clerk=s
record filed March 14, 2002.  The first
issue is overruled. 

In Issue Two, we
understand the Appellant to argue that because the trial court initially
appointed a guardian ad litem that it was then necessary for that guardian to
receive all subsequent notices and be present at all subsequent hearings.  The record reflects that the guardian,
Appellant=s aunt,
was appointed on April 2, 2001, and she was present at the first two detention
hearings.  The Appellant=s mother, a single parent, was then in
the hospital, but at all subsequent hearings held after April 25, 2001.  The Appellant=s
mother was present with her daughter along with the Appellant=s lawyer.








A guardian ad
litem displaces the minor=s
next friend (typically the minor=s
parents), becoming the minor=s
personal representative.  Borden, Inc.
v. Martinez, 19 S.W.3d 469, 476 (Tex.App.-‑San Antonio 2000, no
pet.).  Absent anything in the record to
suggest that the Appellant=s
mother was incapable or unwilling to make decisions in the best interest of the
Appellant, her presence as Appellant=s
parent displaces any need for a guardian ad litem.  Id.; see also, In the Matter
of D.K.E., 644 S.W.2d 815, 818 (Tex.App.--Corpus Christi 1982, writ ref=d n.r.e.).  We also noted that Appellant had a court
appointed attorney at all stages of the proceedings.  Issue Two is overruled.

Having overruled Appellant=s issues on appeal, we affirm the
judgment of the court below.

 

 

March
6, 2003

DAVID WELLINGTON
CHEW, Justice

 

Before Panel No. 1

Larsen, McClure, and Chew, JJ.