NUMBER 13-05-434-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


 
 

IN THE MATTER OF M.T.


 




On appeal from the 98th Judicial District Court


of Travis County, Texas.


 




MEMORANDUM OPINION



Before Chief Justice Valdez and Justices Benavides and Vela


Memorandum Opinion by Justice Benavides



 Appellant, M.T., a juvenile, was placed on probation for eleven months after the trial
court found he had committed arson. On appeal, M.T. contends the trial court erred by
overruling his Special Exception and Motion to Dismiss Paragraph V of the State's First
Amended Original Petition Alleging Delinquent Conduct. The issue before this Court is
whether the State's petition complies with the notice requirements outlined in the Texas
Family Code. See TEX. FAM. CODE ANN. § 51.17(a) (Vernon Supp. 2006). Because we
hold that the language in the State's petition satisfies the Texas Family Code's
requirements, which are less stringent than the standards governing a criminal indictment,
we affirm the trial court's judgment.

I. FACTUAL AND PROCEDURAL BACKGROUND

 On January 5, 2005, fire was set to a toilet paper dispenser in the boys' bathroom
of Johnston High School. M.T. admitted to a fellow student that he started the fire. A
witness placed M.T. in the bathroom approximately one minute before the fire alarm
sounded. Evidence demonstrating that the fire was started by igniting toilet paper while
it was still in the toilet paper dispenser in a bathroom stall was admitted at trial and given
to M.T. before the proceedings.

 On March 18, 2005, the State filed its First Amended Original Petition Alleging
Delinquent Conduct, accusing M.T. of engaging in delinquent conduct, specifically two
counts of criminal mischief and one count of arson. Pertinent to this appeal is Paragraph
V, which alleged arson:

 The said child is alleged to have engaged in delinquent conduct, to-wit: on
or about the 5th day of January, 2005, in Travis County, State of Texas, the
said child violated a penal law of this State punishable by confinement in
Imprisonment, to-wit: Section 28.02 of the Texas Penal Code (Arson), in that
he did then and there start a fire with intent to destroy and damage a
building, to-wit: Johnston High School, knowing that the building was located
on property of another and when the said [M.T.] was reckless about whether
the building would endanger the life of some individual and the safety of the
property of another and bodily injury was suffered by Christian Evoy by
reason of the commission of the offense.


 At trial, M.T. specially excepted to Paragraph V of the petition and moved to dismiss. 
He argued that the phrase "start a fire" was vague and did not provide specific notice as
to how the fire was started. The district court denied the special exception to the petition
and proceeded to the guilt/innocence phase of the trial. The court found true the allegation
that M.T. had committed arson. The judge placed him on probation for eleven months. 
M.T. now appeals the order denying the special exception. 

II. STANDARD OF REVIEW

 We review a trial court's order denying special exceptions for abuse of discretion. 
See Adams v. First Nat'l Bank of Bells/Savoy, 154 S.W.3d 859, 876 (Tex. App.-Dallas
2005, no pet.); Ford v. Performance Aircraft Servs., 178 S.W.3d 330, 335 (Tex. App.-Fort
Worth 2005, pet. denied); In re D.C.T., 641 S.W.2d 658, 660 (Tex. App.-Tyler 1982, writ
ref'd n.r.e.). A trial court has broad discretion in ruling on special exceptions. Ford, 178
S.W.3d at 335. The test for abuse of discretion is whether the court acted without
reference to any guiding rules and principles or whether the act was arbitrary and
unreasonable. Id. 

III. Notice Requirements

 Juvenile proceedings are civil in nature and are governed by the Texas Rules of
Civil Procedure. TEX. FAM. CODE ANN. § 51.17(a). A petition in a civil case must give a
"short statement of the cause of action sufficient to give fair notice of the claim involved." 
Tex. R. Civ. P. 47(a). Generally, a special exception should be granted when the pleading
does not give fair and adequate notice of the facts supplying the basis of the pleader's
claims. Villarreal v. Martinez, 834 S.W.2d 450, 451 (Tex. App.-Corpus Christi 1992, no
writ) ("The purpose of special exceptions is to furnish the adverse party a medium by which
to force clarification of pleadings when they are not clear or sufficiently specific."); see
Adams, 154 S.W.3d at 876 (citing Friesenhahn v. Ryan, 960 S.W.2d 656, 658 (Tex.
1998)). (1)
 

 Despite its civil nature, protections in addition to those found in the rules of civil
procedure have been imposed on the State in juvenile delinquency cases because the loss
of the juvenile's liberty is implicated. In the Matter of J.R.R., 696 S.W.2d 382, 383 (Tex.
1985) (per curiam); In the Matter of P.S.G., 942 S.W.2d 227, 229 (Tex. App.-Beaumont
1997, no writ). A juvenile is entitled to the essentials of due process and fair treatment
normally afforded in a criminal proceeding. In re Gault, 387 U.S. 1, 33 (1967); L.G.R. v.
State, 724 S.W.2d 775, 776 (Tex. 1987); In the Matter of J.R.R., 696 S.W.2d at 383-84;
In re J.K.N., 115 S.W.3d 166, 169 (Tex. App.-Fort Worth 2003); Diaz v. State, 61 S.W.3d
525, 527 (Tex. App.-San Antonio 2001, no pet.). 

 Accordingly, the United States Supreme Court has held that "[n]otice, to comply with
due process requirements, must be given sufficiently in advance of scheduled court
proceedings so that reasonable opportunity to prepare will be afforded, and it must 'set
forth the alleged misconduct with particularity.'" In re Gault, 387 U.S. at 33. Likewise,
Texas courts have recognized that due process requires that a juvenile be informed of the
specific issues he is to meet. In re B.P.H., 83 S.W.3d 400, 405 (Tex. App.-Fort Worth
2002, no pet.) (citing In re Gault, 387 U.S. at 33). 

 The Texas Legislature codified the Supreme Court's holding of In re Gault in Texas
Family Code section 53.04(d)(1). Lane v. State, 767 S.W.2d 789, 794 (Tex. Crim. App.
1989). This section requires a petition in a juvenile proceeding to state "with reasonable
particularity the time, place, and manner of the acts alleged and the penal law or standard
of conduct allegedly violated by the acts." TEX. FAM. CODE ANN. § 53.04(d)(1) (Vernon
2002). This provision is mandatory. In re B.P.H., 83 S.W.3d at 405 (citing In re D.W.M.,
562 S.W.2d 851, 853 (Tex. 1978)). 

 Despite these additional protections, the standard for pleading delinquent juvenile
conduct is less stringent than the standard applicable to criminal indictments. In re A.B.,
868 S.W.2d 938, 940 (Tex. App.-Fort Worth 1994, no writ.); M.A.V., Jr. v. Webb County
Court at Law, 842 S.W.2d 739, 745 (Tex. App.-San Antonio 1992, writ denied). The
charge need only be reasonable and definite. M.A.V., 845 S.W.2d at 745. 

IV. Analysis

 M.T. argues that the language "start a fire" contained in Paragraph V of the First
Amended Original Petition Alleging Delinquent Conduct was vague and indefinite. M.T.
relies on Castillo v. State, 689 S.W.2d 443 (Tex. Crim. App. 1985). In Castillo, the
defendant was found guilty of arson. Id. at 445. On appeal, he contended that the
language "start a fire" in the indictment did not give him precise notice of the offense
charged. Id. at 445. The court of criminal appeals agreed. Id. at 449. 

 Castillo, however, is distinguishable from the instant case. Castillo was an adult in
criminal court, whereas M.T. is a juvenile. Id. As stated above, the Texas Family Code
states that the rules of civil procedure govern juvenile delinquency proceedings. TEX. FAM.
CODE ANN. § 51.17(a). More to the point, the above law makes clear that the standards
governing a juvenile petition alleging delinquent conduct are less stringent than those
governing a criminal indictment. In re A.B., 868 S.W.2d at 940. 


 The State's petition tracks precisely the language of Texas Penal Code section
28.02 (Arson). (2) Generally, a juvenile petition which tracks the language of the statute gives
sufficient notice of the offense charged and affords the juvenile due process. See In re
J.B.M., 157 S.W.3d 823, 826 (Tex. App.-Fort Worth 2002, no pet.); see also In re A.B.,
868 S.W.2d at 940-41. We believe that "start a fire" was sufficient notice because the
indictment tracked the language in the penal statute. The State was not required to spell
out exactly how the fire started. 

 An instructive case is K.M.P. v. State, 701 S.W.2d 939 (Tex. App.-Fort Worth 1986,
no writ), where the Fort Worth Court of Appeals found adequate a petition to waive juvenile
court jurisdiction and transfer a juvenile case to criminal court. Id. at 940. The petition
alleged that K.M.P. caused the death of a child, but it did not set forth the exact manner
or means which caused the death. Id. Nevertheless, the court found the petition sufficient,
holding that a petition in a juvenile proceeding does not have to meet the same standard
as a criminal indictment. Id. (citing In re Edwards, 644 S.W.2d 815, 821 (Tex.
App.-Corpus Christi 1982, no writ)). We agree with this analysis and hold that the State
was not required to plead exactly how M.T. allegedly started the fire. 

V. Conclusion


 The district court did not abuse its discretion in overruling M.T.'s special exception. 
The judgment of the district court is AFFIRMED.

 __________________________

 GINA M. BENAVIDES,

 Justice


Memorandum Opinion delivered and

filed this the 9th day of August, 2007.







1. In many juvenile cases, the defendant files a "motion to quash" the State's petition. See In re J.B.M.,
157 S.W.3d 823, 826 (Tex. App.-Fort Worth 2002, no pet.); see also Mena v. State, 633 S.W.2d 564, 565
(Tex. App.-Houston [14th Dist.] 1982, no writ). As stated above, juvenile proceedings are civil in nature and
are governed by the Texas Rules of Civil Procedure. T
EX. FAM. CODE ANN. § 51.17(a). Therefore, a special
exception is the appropriate procedural vehicle to challenge defective allegations in the petition. Tex. R. Civ.
P. 91. Courts, however, construe pleadings liberally and treat improperly filed "motions to quash" as special
exceptions. See In re J.B.M., 157 S.W.3d at 826; see also Mena, 633 S.W.2d at 565. The standard for
granting a special exception or a motion to quash in a juvenile proceeding is the same-a motion to quash
should only be granted where the petition's language regarding the accused's conduct is so vague or indefinite
that it fails to give the accused adequate notice of the acts he allegedly committed. Compare In re B.P.H.,
83 S.W.3d at 405, with Villarreal v. Martinez, 834 S.W.2d at 451. 

2. (a) A person commits an offense if the person starts a fire, regardless of whether 

 the fire continues after ignition, or causes an explosion with intent to destroy or

 damage: . . .

 (2) any building, habitation, or vehicle: . . .

 (D) knowing that it is located on property belonging to another; . . . [or]

 (F) when the person is reckless about whether the burning or explosion
will endanger the life of some individual or the safety or the property
of another

 

 TEX. PENAL CODE ANN. § 28.02(a)(2)(D), (F) (Vernon Supp. 2006).