# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-15-00276-CV

### In the Matter of C. P.

### FROM THE COUNTY COURT AT LAW OF BASTROP COUNTY
### NO. J-2790, HONORABLE BENTON ESKEW, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

The county court, sitting as a juvenile court, found that appellant C.P. engaged in conduct indicating a need for supervision and placed appellant on probation. After multiple probation modifications, the county court revoked probation and committed appellant to the Texas Juvenile Justice Department. In one issue, appellant challenges the county court's personal jurisdiction over him. Because we conclude that the county court had jurisdiction, we affirm.

## BACKGROUND

On May 15, 2012, the State filed its original petition, alleging two counts of aggravated sexual assault of a child. In the petition, "Camilla Brown Lawrence" is listed as appellant's mother with the same address as appellant. The court issued summonses and notices to show cause directed to appellant and each of his parents and attached the original petition to each summons. On May 22, 2012, returns were completed for appellant and "Camilla Brown Lawrence" with the same time and same address noted for delivery. The record, however, reflects that the return

for "Camilla Brown Lawrence" was stapled to the summons directed to appellant, and the return for appellant was stapled to the summons directed to "Camilla Brown Lawrence."

On June 14, 2012, appellant pleaded true to one count of aggravated sexual assault of a child in exchange for the State waiving the other count. In the plea paperwork, "BBrown" signed as the parent or guardian of appellant. The Adjudication Hearing Judgment, which was signed on June 14, 2012, states that appellant and "his mother, Camilla Brown Lawrence" were present "after due notice had been served on all parties." In the order of probation, the court found that "Camilla Brown Lawrence" was the person responsible for supporting appellant and placed appellant in her custody. On the conditions of probation also dated June 14, 2012, the signature "BBrown" is on the parent/guardian line below the following sentences:

> The above Conditions of Probation were read and explained to me and my child by an officer of the Court's juvenile probation department. I understand the Conditions and understand my responsibility to promptly inform the juvenile probation department of any violation of these Conditions by my child.

Over the next several years, subsequent hearings occurred on petitions to modify disposition, and the court and the parties signed multiple amended orders of probation and conditions of probation. The amended orders of probation referred to "Camilla Brown Lawrence" or "Camilla Lawrence" as "the person responsible for supporting" appellant. The corresponding amended conditions of probation had varying signatures on the parent/guardian line that was below sentences with similar language to the sentences quoted above, including: "Blossom Brown Lawrence" (conditions dated October 9, 2012), and "C Blossom Brown Lawrence" (conditions dated

2

January 22, 2013).[1]  In an order dated January 26, 2015, which extended disposition, the signature on the "parent" line is "Camilla Blossom Lawrence."  This same signature also is on the "parent" line below the following sentences that track the sentences in the previous conditions of probation:

> The above conditions of probation were read and explained to me and my child by an officer of the Court's juvenile probation department.  I understand the Conditions and understand my responsibility to promptly inform the juvenile probation department of any violation of these Conditions by my child.

At the final revocation hearing on April 28, 2015, the defense called "Ms. Lawrence, the Defendant's mother" to testify.  Defense counsel, however, did not ask Ms. Lawrence to state her name on the record.  At the conclusion of the hearing, the county court revoked appellant's probation and ordered him committed to the Texas Juvenile Justice Department for an indeterminate sentence.  After signing its order revoking probation on the day of the hearing, the county court signed a nunc pro tunc order revoking probation later on the same day.  This appeal followed.

## ANALYSIS

In one issue, appellant argues that the county court lacked jurisdiction over him because "the record does not affirmatively show that at least one of his parents, his guardian, or custodian was served with the summons with the original petition attached, nor does the record show waiver pursuant to Texas Family Code Section 53.06(e)."  Appellant does not dispute that he was served with the summons.  He focuses on discrepancies between the orders of probation that state

---

[1]  There is an illegible signature on an order extending disposition dated January 28, 2014. Based on our review of the record, it appears that the signature was by appellant's grandmother.  She also signed the corresponding amended conditions of probation dated January 28, 2014.

that "Camilla Brown Lawrence" is the person responsible for supporting appellant and the various signatures on the parent/guardian line of the amended conditions of probation. He also argues that: (i) although "Camilla Brown Lawrence" was served, "there is no clear indication that she is, in fact, appellant's mother or grandmother or custodian"; (ii) service on her was defective because the summons was directed to appellant; and (iii) the record does not contain a waiver of service pursuant to section 53.06(e) of the Family Code.

Courts have held that service of summons is required to confer jurisdiction on the juvenile court. *Carlson v. State*, 151 S.W.3d 643, 645–46 (Tex. App.—Eastland 2004, no pet.); *In re G.A.T.*, 16 S.W.3d 818, 822–23 (Tex. App.—Houston [14th Dist.] 2000, pet. denied). Relevant to this appeal, section 53.06 of the Family Code requires the juvenile court to direct issuance of summons to the child named in the petition and to "the child's parent, guardian, or custodian," "[t]the summons must require the persons served to appear before the court at the time set to answer the allegations of the petition," and "[a] copy of the petition must accompany the summons." Tex. Fam. Code § 53.06(a), (b). However, "[a] party, other than the child, may waive service of summons by written stipulation or by voluntary appearance at the hearing." *Id*. § 53.06(e). Further, service on one parent is sufficient to confer jurisdiction on the juvenile court. *See In the Matter of P.C.*, 858 S.W.2d 6, 7–8 (Tex. App.—Houston [1st Dist.] 1993, no writ) (concluding statutory reference in section 53.06(b) of the Family Code to "parent" in singular did not require both parents to be summoned); *K.M.P. v. State*, 701 S.W.2d 939, 942 (Tex. App.—Fort Worth 1986, no writ) ("The issuance of a summons to either of the child's parents is sufficient to comply with section 53.06(a) of the Family Code.").

Here the record reflects that the return for "Camilla Brown Lawrence" was stapled to the summons directed to appellant and the return for appellant was stapled to the summons directed to "Camilla Brown Lawrence." The summonses, however, other than the name of the person summoned, contain identical language including the address of the person to be summoned, the recitation that a copy of the petition was attached, the time and date of the court hearing, and an order directed to the person summoned "to bring, as set forth in this Summons, the child in this above entitled cause number to the hearing." The summonses also were served at the same time and at the same address, and the Adjudication Hearing Judgment recites that appellant and "his mother, Camilla Brown Lawrence" appeared in person. Based on our review of the record, we conclude that the person referred to as "Camilla Brown Lawrence" in the summons is appellant's mother and that she was served in accordance with section 53.06 of the Family Code. *See* Tex. Fam. Code § 53.06(b).

Further, even if we were to conclude that service on appellant's mother was defective because of the switched returns, we would conclude that she waived service by voluntarily appearing at the adjudication hearing in June 2012. Appellant focuses on: (i) the lack of reference to his mother's appearance in the reporter's record of the June 2012 adjudication hearing or on the county court's docket sheet for that day, and (ii) the court reporter's identification of appellant's mother by the name "Blossom Lawrence" in the transcript of the hearing in April 2015 when she was called to testify at that hearing. Appellant argues that, even though the June 2012 judgment recites that appellant's mother "Camilla Brown Lawrence" appeared at that hearing, the testimony of "Blossom Lawrence" at the subsequent hearing in April 2015 is "direct proof" that the recitation in the

5

June 2012 judgment as to the identity of appellant's mother was false. *See Johnson v. State*, 72 S.W.3d 346, 349 (Tex. Crim. App. 2002) (noting that recitation in judgment that defendant waived jury trial was "binding in the absence of direct proof of [its] falsity").

Based on our review of the record, however, we cannot agree with appellant's position that the record provides "direct proof" that the recitation about appellant's mother in the June 2012 judgment was false. *See id.* The plea paperwork dated the same date as the judgment shows that "BBrown" signed as the parent or guardian of appellant, and the record makes clear that "BBrown" and "Blossom Lawrence" are the same person as "Camilla Brown Lawrence" and that she is appellant's mother. During the pendency of the case, appellant's mother signed her name using variations on her name, but the orders consistently referred to her as "Camilla Brown Lawrence" without any objection from appellant. For example, the amended order of probation from October 2012 refers to appellant's mother as "Camilla Brown Lawrence," and she signed the corresponding amended conditions of probation "Blossom Brown Lawrence." Similarly, the amended order of probation from January 2013 refers to appellant's mother as "Camilla Brown Lawrence," and she signed the amended conditions of probation on that day as "C. Blossom Brown Lawrence." And the nunc pro tunc order revoking probation refers to the mother as "Camilla (Blossum) Lawrence."

Because we conclude that appellant and his mother were served with the summons and attended the June 2012 adjudication hearing, we conclude that the county court, sitting as a juvenile court, had personal jurisdiction over appellant.

6

## CONCLUSION

Because we conclude that the county court had personal jurisdiction over appellant, we overrule his issue and affirm the county court's nunc pro tunc order revoking probation.

_____

Melissa Goodwin, Justice

Before Justices Puryear, Goodwin, and Field

Affirmed

Filed:   September 14, 2016