mitchell v. state 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 




NO. 3-92-549-CV




IN THE MATTER OF L. M.,



 

 



FROM THE JUVENILE COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT



NO. J-11,024, HONORABLE W. JEANNE MEURER, JUDGE PRESIDING


 




 Appellant L. M. challenges a trial court's order certifying him to stand trial as an
adult and transferring him to the district court for criminal proceedings. See Tex. Fam. Code
Ann. § 54.02(a) (West 1986). (1) In two points of error, L. M. contends that (1) the trial court erred
by failing to specify its reasons for waiver in the order, and (2) the evidence in the record is
legally and factually insufficient to show that the welfare of the community required a waiver of
jurisdiction. L. M. does not complain that the trial court abused its discretion in ordering the
transfer. We will affirm the trial court's judgment. 


BACKGROUND


 L. M. was born June 16, 1976. The record reflects that he has been referred
nineteen times to the juvenile court in Travis County, primarily for burglary offenses. A court
summary from the certification hearing record shows that L. M. was twelve years old when he
committed his first burglary offense. Over the years, authorities have utilized various types of
intervention in an attempt to rehabilitate L. M. Testimony shows that, while on formal probation,
L. M. had difficulty complying with the rules. He also was referred to the Alternative Learning
Center for a more structured educational environment, but he again failed to obey the rules and
had problems with tardiness and truancy. Additionally, he has attended Operation Outreach, the
Austin Rehabilitation Outpatient Program, and Brookhaven Youth Ranch. After each program,
L. M. nevertheless was referred to juvenile court. On June 3, 1991, L. M. was committed to the
custody of the Texas Youth Commission.

 With respect to the present referral, the State alleges that L. M. violated the Texas
Penal Code by killing Alvin Bronson, III, with a firearm on July 4, 1992. Tex. Penal Code Ann.
§ 19.02 (West 1989), § 19.03 (West 1989 & Supp. 1994). The State also alleges that L. M., at
gunpoint, robbed Sherry Dybala, Arthur LeClaire, and Maxine Uttermarkt. Tex. Penal Code
Ann. § 29.03 (West 1989 & Supp. 1994). 

 On August 11, 1992, the State filed an amended petition requesting waiver of
jurisdiction of the juvenile court. The court had ordered a diagnostic study, social evaluation, and
full investigation of L. M. and his circumstances on July 23, 1992, after the State filed its original
petition for waiver of jurisdiction. See Tex. Fam. Code Ann. § 54.02(d) (West 1986). The court
held a three-day hearing on the motion to transfer. On August 26, 1992, the court waived
jurisdiction and transferred L. M. to the district court. 


 

 DISCUSSION AND HOLDING


 In his first point of error, L. M. contends the juvenile court erred in waiving
jurisdiction because the court did not expressly set out in its order specific reasons for waiver as
required by section 54.02(h) of the Family Code, (2) but instead merely tracked the statutory
language of section 54.02(f) of the Family Code. 

 In determining whether to waive jurisdiction, section 54.02(f) directs the juvenile
court to consider "among other matters" the following: 



(1) whether the alleged offense was against person or property, with greater
weight in favor of transfer given to offenses against the person; 


(2) whether the alleged offense was committed in an aggressive and premeditated
manner; 


(3) whether there is evidence on which a grand jury may be expected to return an
indictment; 


(4) the sophistication and maturity of the child; 


(5) the record and previous history of the child; and 


(6) the prospects of adequate protection of the public and the likelihood of the
rehabilitation of the child by use of procedures, services, and facilities
currently available to the juvenile court. 



Tex. Fam. Code Ann. § 54.02(f) (West 1986).

 In the instant cause, the court's order waiving jurisdiction includes the following
reasons:



(1) [L. M.] is charged with violating penal laws of the grade of felony;


(2) The offenses were committed in an aggressive and premeditated manner;


(3) [L. M.'s] conduct was willful and violent;


(4) [L. M.] used a deadly weapon during the course of the offenses;


(5) Death resulted to the victim ALVIN BRONSON, III;


(6) [L. M.] has not accepted nor responded to supervision in his present
environment;

(7) The background of [L. M.] indicates that the likelihood of rehabilitation by
the use of procedures, services and facilities currently available to the juvenile
court is remote.


(8) There is sufficient evidence of the alleged offenses upon which a grand jury
may be expected to return an indictment;


(9) The protection of the public requires transfer to a criminal district court.



 L. M. argues that because the order merely tracks the statutory language of section
54.02(f) without making fact findings specific to L. M.'s situation, it is void, citing Kent v. United
States, 388 U.S. 541 (1966). In Kent, the United States Supreme Court held that it is incumbent
upon the juvenile court to accompany its waiver order with a statement of reasons or
considerations. Id. at 561. We conclude that the trial court's order complies with the
requirements of Kent as well as section 54.02. No more formal findings are required, and the
order need not contain conventional findings of fact. See In re Honsaker, 539 S.W.2d 198, 202
(Tex. Civ. App.--Dallas 1976, writ ref'd n.r.e.) (juvenile court's decision merely must be set forth
in the order with sufficient specificity to permit a meaningful review by the appellate court). 
Thus, section 54.02(f) does not require any more specific statement of factual reasons for a
waiver. In re I.B., 619 S.W.2d 584, 587 (Tex. Civ. App.-- San Antonio 1981, no writ). The
court may recite findings that track the requirements of section 54.02(f) as the reasons for the
transfer, so long as those reasons have evidentiary support. Id.; D.L.C. v. State of Texas, 533
S.W.2d 157, 158 (Tex. Civ. App.--Austin 1976, no writ). L. M. does not challenge those
findings, save one, and they are binding on appeal.

 In his second point of error, L. M. complains that there was no evidence or,
alternatively, insufficient evidence to support the trial court's determination that the welfare of the
community required a waiver of jurisdiction pursuant to section 54.02(a)(3) of the Family Code. 
Tex. Fam. Code Ann. § 54.02(a)(3) (West 1986 & Supp. 1994). Assuming L. M. properly
attacks the sufficiency of the evidence to support the trial court's finding that the welfare of the
community required a waiver of jurisdiction, we conclude the evidence was sufficient. 

 The requirements governing an appeal from juvenile certification proceedings are
the same as those in civil cases generally. Tex. Fam. Code Ann. § 56.01 (West 1986 & Supp.
1994). In deciding a no-evidence point, we must consider only the evidence and inferences
tending to support the finding of the trier of fact and disregard all evidence and inferences to the
contrary. Alm v. Aluminum Co. of Am., 717 S.W.2d 588, 593 (Tex. 1986), cert. denied, 498
U.S. 847 (1990); Garza v. Alviar, 395 S.W.2d 821, 823 (Tex. 1965). To determine whether the
evidence is factually sufficient to support the court's order, an appellate court should consider and
weigh all evidence. Only if the finding is so against the great weight and preponderance of the
evidence as to be manifestly unjust should an appellate court set aside the finding. Cain v. Bain,
709 S.W.2d 175, 176 (Tex. 1986); In re King's Estate, 244 S.W.2d 660, 661 (Tex. 1951); see
also Pool v. Ford Motor Co., 715 S.W.2d 629 (Tex. 1986); see generally William Powers, Jr.
& Jack Ratliff, Another Look at "No Evidence" and "Insufficient Evidence," 69 Tex. L. Rev. 515
(1991). 

 At the hearing, Lieutenant Charles Hooker, the investigating officer, and Clinton
Moore and William Griffin, witnesses to the shooting, testified that L. M. shot and killed Alvin
Bronson, III, during the course of an aggravated robbery in the early morning hours of July 4,
1992. Maxine Uttermarkt testified that, on the day of this murder, L. M. robbed her at gunpoint
while she was working at a Texaco Star Mart in North Austin. Additional testimony by Sherry
Dybala showed that L. M. robbed her at gunpoint on June 1, 1992. Arthur LeClaire testified that
on July 3, 1992, L. M. robbed him at gunpoint while riding in LeClaire's cab. Finally, Carol
Duane Pelfrey testified that on April 29, 1991, L. M. robbed Pelfrey in his cab using a sawed-off
shotgun.

 The State also produced evidence concerning L. M.'s extensive juvenile record as
earlier described. The record showed that L. M. has a total of nineteen referrals to the juvenile
court for various types of felony offenses, primarily burglary offenses, and that L. M. has been
referred to several rehabilitation programs with little evidence of success.

 Dr. Nick Carrasco testified in L. M.'s behalf. He described the capital offenders'
program at the Giddings State School and testified that L. M. would be a candidate for the
program. Other parole officers and psychologists testified on cross-examination that L. M. might
benefit from the capital offenders' program. However, Dr. George Parker, the court-appointed
clinical psychologist, testified that L. M. has no remorse for any of his victims. He further
testified he believes that L. M. would be dangerous in the future and that attempts at rehabilitation
would be unsuccessful.

 In the instant cause, the juvenile court heard three days of testimony from police
officers, victims of the felonies, L. M.'s probation officer, L. M.'s caseworker, and evaluating
psychiatrists. The documentary evidence included the certification investigation report,
psychological evaluations, L. M.'s school records, and his probation file. After reviewing this
extensive evidence, we conclude that the court's reasons as set forth in the order are adequately
specific and sufficiently supported by the evidence.

 Based on the record as a whole, we conclude that the evidence is legally and
factually sufficient to support the trial court's conclusion that the welfare of the community
required the court's waiving jurisdiction and, thus, to support the court's order certifying L. M.
to stand trial as an adult. Therefore, we overrule L. M.'s first and second points of error. 

 The order is affirmed. 



 Marilyn Aboussie, Justice

Before Chief Justice Carroll, Justices Aboussie and Jones

Affirmed

Filed: June 22, 1994

Do Not Publish
1. Section 54.02(a) states:


 (a)  The juvenile court may waive its exclusive original jurisdiction
and transfer a child to the appropriate district court or criminal district
court for criminal proceedings if:


(1)  the child is alleged to have violated a penal law of the
grade of felony;


(2)  the child was 15 years of age or older at the time he is
alleged to have committed the offense and no adjudication
hearing has been conducted concerning that offense; and


(3)  after full investigation and hearing the juvenile court
determines that there is probable cause to believe that the child
before the court committed the offense alleged and that because
of the seriousness of the offense or the background of the child
the welfare of the community requires criminal proceedings.


 Tex. Fam. Code Ann. § 54.02(a) (West 1986).
2. Section 54.02(h) states in pertinent part:


If the juvenile court waives jurisdiction, it shall state specifically in the 

order its reasons for waiver and certify its action, including the written
order and findings of the court, and shall transfer the child to the
appropriate court for criminal proceedings. . . .

 

Tex. Fam. Code Ann. § 54.02(h) (West 1989 & Supp. 1994).